STATE OF NORTH CAROLINA v. FORREST EJAY SURRETT

No. 9128SC1087

(Filed 16 March 1993)

1. **Kidnapping and Felonious Restraint § 21 (NCI4th) — kidnapping — for the purpose of terrorizing victim — evidence sufficient**

The trial court did not err in a kidnapping prosecution by denying defendant's motion to dismiss based on insufficient evidence where the indictment charged kidnapping for larceny and for terrorizing the victim, the trial judge only instructed on terrorizing the victim, larceny from the person was a separate offense for which defendant received a separate instruction, and the evidence tended to show that defendant forced the victim into his car despite her screaming, fighting, and struggling, he demanded that she lie down and be quiet, her screams were heard by others in the parking lot and she stated that she was scared to death, she was so frightened that she crawled out the window of defendant's moving vehicle, and defendant attempted to prevent her escape by driving at a speed between fifteen and twenty miles an hour and struggling to hold the victim in the car. Considered in the light most favorable to the State, this evidence would support a finding that the defendant intended by his actions and commands to put the

STATE v. SURRETT

[109 N.C. App. 344 (1993)]

victim in a state of intense fright or apprehension and that he grabbed her and threw her into his car for that purpose; the fact that he did not have the opportunity to fully carry out his intentions because of her fortunate and speedy escape is of no avail.

**Am Jur 2d, Abduction and Kidnapping § 32.**

2. **Kidnapping and Felonious Restraint § 26 (NCI4th) — kidnapping — failure to instruct on common law false imprisonment as lesser offense — no error**

The trial court did not err in a kidnapping prosecution by refusing to instruct the jury on common law false imprisonment as a lesser included offense of second degree kidnapping where the evidence pointed to the purpose of terrorizing the victim and there was no evidence indicating that defendant acted for any other purpose. The fact that the victim's purse was left in the defendant's vehicle does not show that he acted for the purpose of committing larceny. Moreover, the court instructed on felonious restraint and the jury could have found defendant guilty of felonious restraint if it had concluded that defendant did not act for the purpose of terrorizing the victim.

**Am Jur 2d, Abduction and Kidnapping § 21; False Imprisonment § 9; Trial §§ 1430-1433.**

**Coercion, compulsion, or duress as defense to charge of kidnapping. 69 ALR4th 1005.**

**False imprisonment as included offense within charge of kidnapping. 68 ALR3d 828.**

Appeal by defendant from judgments entered 25 April 1991 by Judge C. Walter Allen in Buncombe County Superior Court. Heard in the Court of Appeals 14 January 1993.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Jane L. Oliver, for the State.*

*Assistant Public Defender Curtiss A. Graham for the defendant-appellant.*

WYNN, Judge.

Defendant was indicted on 5 November 1990 for second degree kidnapping pursuant to N.C. Gen. Stat. § 14-39 and larceny. The case was tried by a jury and defendant was found guilty of second degree kidnapping and misdemeanor larceny. The trial judge entered judgment on the verdicts and sentenced defendant to thirty years imprisonment on the kidnapping charge and two years imprisonment on the misdemeanor larceny charge, sentences to be served consecutively.

The State's evidence tended to show the following. On 22 September 1990, sixteen year old Cathy Jean Brooks stopped at the Ingles grocery store on Patton Avenue in Mt. Carmel, North Carolina while on her way to work. Ms. Brooks was loading groceries in her car when defendant drove his car behind hers and stopped. Defendant initiated a conversation with Ms. Brooks by asking whether she was a certain person. Ms. Brooks stated that she was not that person and continued to load her car. Defendant told Ms. Brooks that he did construction work and offered to give her his business card in case she knew of anyone who may need such work done. Defendant got out of his car and reached toward Ms. Brooks as if to give her his business card. Instead, defendant grabbed Ms. Brooks and pushed her into his car through the driver's side door. Ms. Brooks resisted by kicking and fighting, but defendant forced her into the car and followed in behind her. Defendant drove his car across the parking lot toward the exit onto Patton Avenue.

Ms. Brooks testified that defendant instructed her to "lay down and be quiet," as she struggled with him, continuing to kick and hit defendant. Ms. Brooks testified further that she realized the car window on the passenger's side was open. As defendant attempted to hold her, Ms. Brooks escaped by jumping through the open window while the car was traveling at a speed of approximately fifteen to twenty miles per hour. Ms. Brooks escaped from the car just before it reached the exit to Patton Avenue. Ms. Brooks left her purse in the car and defendant sped away. As Ms. Brooks ran toward the Ingles store, she looked back and got the license tag number from defendant's car.

Denise Swims was exiting her own vehicle when she heard Ms. Brooks' screams and saw her climbing out of the moving car. Ms. Swims was already on the pay telephone in front of Ingles,

STATE v. SURRETT

[109 N.C. App. 344 (1993)]

reporting the incident to the Buncombe County Sheriff's Department when Ms. Brooks ran up to the telephone booth to use the phone. Ms. Swims reported the license tag number given to her by Ms. Brooks and described the car to the dispatcher. Officer Brian Tucker of the Buncombe County Sheriff's Department testified that when he arrived at the scene, Ms. Brooks was "very distraught, crying."

Ms. Brooks testified that she was in defendant's car for approximately forty-five seconds to one and one-half minutes before she was able to escape. She stated that she was "scared to death" during the incident. Dale Lewis, another eyewitness, and Ms. Swims both testified that they heard Ms. Brooks' loud screams coming from defendant's car. Mr. Lewis stated that he saw Ms. Brooks fighting with the defendant and screaming the entire time she was in the car.

Defendant was thereafter apprehended by officers from the Buncombe County Sheriff's Department. Upon searching defendant, officers found a high school class ring in his right front pocket which Ms. Brooks later identified as belonging to her. Several other items belonging to the victim were found in defendant's car. Defendant offered no evidence. Defendant moved to dismiss the charges at the close of the State's evidence and again at the close of all the evidence. The trial judge denied defendant's motions. Upon judgment and sentencing, defendant appeals.

## I.

[1] By defendant's first assignment of error he contends that the trial court erred in denying his motion to dismiss at the close of the State's evidence. Defendant contends that the facts submitted by the State were insufficient to show that he committed a kidnapping either for the purpose of committing a felony larceny or for the purpose of terrorizing the victim. We find defendant's contentions to be without merit.

On a motion to dismiss, the trial court must determine whether there is substantial evidence of each essential element of the offense charged. *State v. Vines*, 317 N.C. 242, 253, 345 S.E.2d 169, 175 (1986). The reviewing court may consider all of the evidence actually admitted, both competent and incompetent. *State v. McKinney*, 288 N.C. 113, 117, 215 S.E.2d 578, 581-82 (1975). The evidence is to be considered in the light most favorable to the

State, and the State is to be given the benefit of every reasonable inference to be drawn therefrom. *State v. Robbins*, 309 N.C. 771, 775, 309 S.E.2d 188, 190 (1983). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). If the State has offered substantial evidence of each essential element of the crime charged, the defendant's motion to dismiss must be denied. *State v. Porter*, 303 N.C. 680, 685, 281 S.E.2d 377, 381 (1981).

N.C. Gen. Stat. § 14-39 (1986) defines kidnapping as follows:

(a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person,. . . shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:

(1) Holding such other person for ransom or as a hostage or using such other person as a shield; or

(2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony; or

(3) Doing serious bodily harm to or terrorizing the person so confined, restrained or removed or any other person.

(4) Holding such other person in involuntary servitude in violation of G.S. 14-43.2.

(b) There shall be two degrees of kidnapping as defined by subsection (a). If the person kidnapped either was not released by the defendant in a safe place or had been seriously injured or sexually assaulted, the offense is kidnapping in the first degree and is punishable as a Class D felony. If the person kidnapped was released in a safe place by the defendant and had not been seriously injured or sexually assaulted, the offense is kidnapping in the second degree and is punishable as a Class E felony.

Kidnapping is a specific intent crime, therefore the State must prove that the defendant unlawfully confined, restrained, or removed the victim for one of the specified purposes outlined in the statute. *State v. Moore*, 315 N.C. 738, 743, 340 S.E.2d 401, 404 (1986). Although an indictment may allege multiple purposes, the State need only prove one of the alleged purposes in order

to sustain a conviction of kidnapping. *Id.* (citing *State v. Sellers*, 52 N.C. App. 380, 278 S.E.2d 907, *appeal dismissed and cert. denied*, 304 N.C. 200, 285 S.E.2d 108 (1981) ).

The indictment against defendant charged that he kidnapped Cathy Jean Brooks, "by unlawfully confining her and removing her from one place to another, without her consent, and for the purpose of facilitating the commission of a felony, to wit: Larceny from the person, and for terrorizing her." Defendant argues that the evidence presented by the State was insufficient to prove that the defendant acted for either of these stated purposes.

The trial judge only instructed on one of the purposes alleged in the indictment, that of terrorizing the victim. Larceny from the person was a separate offense for which defendant received a separate instruction. Thus, we need not determine the sufficiency of the evidence as to the charge of kidnapping *for the purpose of* committing a larceny from the person.

"Terrorize" is defined as "more than just putting another in fear. It means putting that person in some high degree of fear, a state of intense fright or apprehension." *Moore*, 315 N.C. at 745, 340 S.E.2d at 405. Defendant contends that the evidence that the victim was only in defendant's vehicle for from 45 seconds to one and one-half minutes, and that the only statement made to the victim was to "lay down and be quiet" is insufficient to prove a purpose to terrorize.

Our Supreme Court in construing this statute has noted that "it was clearly the intent of the legislature to make resort to a tape measure or a stop watch unnecessary in determining whether the crime of kidnapping has been committed." *State v. Fulcher*, 294 N.C. 503, 522, 243 S.E.2d 338, 351 (1978). In *Fulcher* the Supreme Court specifically rejected the notion that " 'confinement' or 'restraint,' as used in this statute, means confinement or restraint 'for a substantial period' and that 'removal,' as used in this statute, requires a movement 'for a substantial distance.' " *Id.* The Court concluded that no asportation whatsoever is necessary where the requisite confinement or restraint for any one of the specified purposes is present. *Id.* Further, "intent for the purpose of this statute, may be inferred from the circumstances surrounding the event and must be determined by the jury." *State v. Moore*, 77 N.C. App. 553, 558, 335 S.E.2d 535, 538 (1985), *aff'd per curiam*, 317

N.C. 144, 343 S.E.2d 430 (1986) (citing *State v. White*, 307 N.C. 42, 296 S.E.2d 267 (1982)).

The evidence herein tends to show that defendant forced Ms. Brooks into his car despite her screams, fighting, and struggling with him. He demanded that she lie down and be quiet. Ms. Brooks' screams were heard by others in the parking lot and she stated that she was "scared to death." Ms. Brooks was so frightened that she crawled out of the window of defendant's moving vehicle. Defendant attempted to prevent her escape by driving the vehicle at a speed of between fifteen and twenty miles per hour and struggling to hold the victim in the car. Considered in the light most favorable to the State, this evidence would support a finding that the defendant intended by his actions and commands to put the victim in a state of intense fright or apprehension and that he grabbed her and threw her into his car for that purpose. The fact that he did not have the opportunity to fully carry out his intentions because of her fortunate and speedy escape is of no avail. The defendant's assignment of error is without merit.

## II.

[2] Defendant's second and final assignment of error contends that the trial court erred in refusing to instruct the jury on common law false imprisonment as a lesser included offense of second degree kidnapping. We disagree.

The difference between kidnapping and the lesser included offense of false imprisonment is the *purpose* of the confinement, restraint, or removal of another person. *State v. Pigott*, 331 N.C. 199, 210, 415 S.E.2d 555, 562 (1992) (citing *State v. Whitaker*, 316 N.C. 515, 520, 342 S.E.2d 514, 518 (1986)). If the purpose of the restraint was to accomplish one of the purposes enumerated in the kidnapping statute then the offense is kidnapping. *Id.* If, however, an unlawful restraint occurs without any of the purposes specified in the statute the offense is false imprisonment. Thus, the State must prove that the defendant kidnapped with the intent to commit the particular felony charged in the indictment. *Id.* at 211, 415 S.E.2d at 562. "Intent is a condition of the mind ordinarily susceptible of proof only by circumstantial evidence. Evidence of a defendant's actions following restraint of the victim is some evidence of the reason for the restraint." *Id.* (Citations omitted).

The necessity for instructing as to a lesser included offense arises only when there is evidence from which the jury could find that the crime of lesser degree was committed. *State v. Franks*, 74 N.C. App. 661, 662, 329 S.E.2d 717, 718, *disc. rev. denied*, 314 N.C. 333, 333 S.E.2d 493 (1985) (citing *State v. Bradshaw*, 27 N.C. App. 485, 487, 219 S.E.2d 561, 562, *disc. rev. denied*, 289 N.C. 299, 222 S.E.2d 699 (1976)). Where the State presents evidence of every element of the offense charged and there is no evidence negating these elements other than the defendant's denial that he committed the offense, then no lesser included offense need be submitted. *State v. Shaw*, 106 N.C. App. 433, 439, 417 S.E.2d 262, 266, *disc. rev. denied*, 333 N.C. 170, 424 S.E.2d 914 (1992). "The mere contention that the jury might accept the State's evidence in part and might reject it in part is not sufficient to require submission to the jury of a lesser offense." *Franks*, 74 N.C. App. at 662, 329 S.E.2d at 718 (quoting *Bradshaw*, 27 N.C. App. at 487-88, 219 S.E.2d at 562). Therefore it is not error to fail to instruct on false imprisonment if there is no evidence tending to show that the victim was kidnapped for some purpose other than terrorizing, or for no purpose. *See id.* at 663, 329 S.E.2d at 718-19. *See also, State v. Nicholson*, 99 N.C. App. 143, 147, 392 S.E.2d 748, 751 (1990) (where all evidence shows intent to terrorize, failure to instruct on lesser included offense of false imprisonment is not error).

As stated previously, the evidence in this case pointed to a purpose to terrorize the victim where defendant forced Ms. Brooks into his vehicle and instructed her to lie down and be quiet as she struggled and screamed. There was no evidence indicating that defendant acted for any purpose other than to terrorize. The fact that the victim's purse was left in the defendant's vehicle does not show that he acted *for the purpose of* committing larceny. The trial judge recognizing this fact, refused to instruct on kidnapping for the purpose of committing larceny. Rather, he instructed on larceny as a separate offense. In addition, the trial judge instructed on felonious restraint as follows:

> for you to find the defendant guilty of felonious restraint, the State must prove three things beyond a reasonable doubt. First that the defendant intentionally and unlawfully restrained a person; and second, that the defendant did so without that person's consent; and third, that the defendant moved the per-

WACHOVIA BANK & TR. CO. v. TEMPLETON OLDS.-CADILLAC-PONTIAC

[109 N.C. App. 352 (1993)]

son from the place of the initial restraint by transporting him or her in a motor vehicle.

If the jury had concluded in this case, as the defendant argues, that the defendant did not act for the purpose of terrorizing the victim by his unlawful restraint, it could have found defendant guilty of felonious restraint instead of kidnapping. The jury did not so find. While other cases involving terrorization may involve more egregious facts, the uncontradicted evidence shows that the defendant confined, restrained and removed the prosecuting witness with the intent to terrorize her.

Defendant's denial of the charge of kidnapping for the purpose of terrorizing is insufficient to require an instruction on the lesser included offense of false imprisonment. There being no evidence supporting the lesser included offense, the trial court did not err in not submitting the lesser included offense of false imprisonment. For the foregoing reasons, we find

No Error.

Judges Eagles and Orr concur.