STATE OF NORTH CAROLINA v. JOHN RANDALL CLAYPOOLE

No. COA94-883

(Filed 16 May 1995)

1. **Kidnapping and Felonious Restraint § 21 (NCI4th)— kidnapping for terrorizing or committing sexual assault upon victim—sufficiency of evidence**

    The State's evidence was sufficient to be submitted to the jury in a prosecution of defendant for kidnapping for the purpose of terrorizing the victim and to facilitate the commission of a sexual assault where it tended to show that defendant forced the victim to drive to a secluded area and threatened to kill her twice along the way; at the secluded area defendant instructed the victim to get out of the car, stood in front of her, touched her face, and told her she looked "pretty good"; the victim was so scared that she did not get a look at defendant until she got out of the car; and as the victim ran to safety, defendant tried to stop her by grabbing her arm.

    **Am Jur 2d, Abduction and Kidnapping §§ 29 et seq.**

2. **Kidnapping and Felonious Restraint § 26 (NCI4th)— lesser-included offense of false imprisonment—insufficiency of evidence**

    Where the evidence indicated that defendant confined, restrained, and removed the victim in order to terrorize and sexually assault her and there was no evidence indicating that he acted for any other purpose, the trial court did not err in failing to instruct on the lesser-included offense of misdemeanor false imprisonment.

    **Am Jur 2d, Abduction and Kidnapping §§ 27, 28, 52.**

    **False imprisonment as included offense within charge of kidnapping. 68 ALR3d 828.**

    **Lesser-related state offense instructions: modern status. 50 ALR4th 1081.**

STATE v. CLAYPOOLE

[118 N.C. App. 714 (1995)]

**3. Criminal Law § 1117 (NCI4th)— sentence in excess of presumptive term—error**

In a prosecution of defendant for second-degree kidnapping, the trial court erred when it improperly considered the seriousness of the offense in determining whether to increase the presumptive term.

**Am Jur 2d, Criminal Law §§ 598, 599.**

Appeal by defendant from judgment and commitment entered 15 February 1994 by Judge Marcus L. Johnson in Catawba County Superior Court. Heard in the Court of Appeals 4 April 1995.

*Attorney General Michael F. Easley, by Assistant Attorney General David N. Kirkman, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Charlesena Elliott Walker, for defendant-apppellant.*

WALKER, Judge.

Defendant was indicted for second degree kidnapping pursuant to N.C. Gen. Stat. § 14-39 (1993). The jury found defendant guilty of kidnapping Betsy Hicks for the purposes of committing a sexual assault and of terrorizing her. The trial court sentenced defendant to a term of twenty-seven years.

The State's evidence tended to show that on the morning of 16 June 1993, as Ms. Hicks was driving her car out of the parking lot of a convenience store, she felt a blunt, round object in her right side which she initially thought was a gun. Ms. Hicks then heard defendant's voice from behind her seat telling her to drive to 321 toward Boone or he would kill her. Ms. Hicks complied with defendant's instructions. Along the way, she informed defendant that she didn't have enough gas and defendant said he was sure she had plenty of money. Ms. Hicks started emptying her purse. When defendant saw that she did not have any money, he told her that she would do just fine.

Defendant continued to give directions to Ms. Hicks. Defendant ordered her to turn into an area called Rotary Park, where two other cars were parked. He then instructed her to turn around and go back the way she came to the other park, called Glenn Hill Park. As they entered Glenn Hill Park, they passed a couple of joggers. Defendant

told Ms. Hicks not to say anything or he would kill her. Up to this point, Ms. Hicks had not turned to look at defendant because she was "scared to death." Pursuant to defendant's instructions, Ms. Hicks drove the car to an isolated area of the park where she stopped the car. He told her in a "very chilling" tone of voice to get out of the car. When Ms. Hicks got out of the car, defendant stood in front of her, touched her face and told her that he thought she looked "pretty good." This was the first time Ms. Hicks had looked at defendant. Upon discovering that he was not holding a weapon, she started running. Defendant grabbed her arm but she broke free and continued running. Ms. Hicks met the two joggers which she had seen upon entering the park and told them what happened. They called 911 and waited for the police to arrive.

Defendant's evidence attempted to show that he could not have committed the offense because he was somewhere else at the time. Defendant argues that the court erred by denying his motion to dismiss for insufficient evidence and his request for instruction on the lesser-included offense of false imprisonment and that the trial court abused its discretion in imposing a sentence in excess of the presumptive. For the reasons discussed herein, we find no error in the denial of defendant's motion to dismiss and request for instruction. However, we agree that the trial court committed error in the sentencing phase and remand for a new sentencing hearing.

When ruling upon a motion to dismiss, the trial court must determine whether there is substantial evidence of each essential element of the offense charged. *State v. Vines*, 317 N.C. 242, 253, 345 S.E.2d 169, 175 (1986). If the State has offered substantial evidence of each essential element of the crime charged, defendant's motion to dismiss must be denied. *State v. Porter*, 303 N.C. 680, 685, 281 S.E.2d 377, 381 (1981). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). All of the evidence actually admitted, both competent and incompetent, and which is favorable to the State, may be considered by the reviewing court. *State v. McKinney*, 288 N.C. 113, 117, 215 S.E.2d 578, 581-82 (1975). The evidence is to be considered in the light most favorable to the State, and the State is given the benefit of every reasonable intendment and inference to be drawn therefrom. *State v. Robbins*, 309 N.C. 771, 775, 309 S.E.2d 188, 190 (1983).

STATE v. CLAYPOOLE

[118 N.C. App. 714 (1995)]

Pursuant to N.C. Gen. Stat. § 14-39(a) (1993), kidnapping is an unlawful, nonconsensual confinement, restraint or removal from one place to another for the purpose of committing specified acts. The State need only prove that defendant intended to commit one of the specified acts in order to sustain its burden of proof as to that element of the crime. *State v. Surrett*, 109 N.C. App. 344, 348-49, 427 S.E.2d 124, 126 (1993). In the case *sub judice*, the State charged defendant with kidnapping Betsy Hicks for the purpose of terrorizing her and to facilitate the commission of a felony, to wit: sexual assault. *See* N.C. Gen. Stat. § 14-39(a)(2) & (3). Defendant argues that the court should have granted his motion to dismiss because the State failed to produce substantial evidence that he kidnapped Ms. Hicks for either of these purposes. We disagree.

"Intent is a condition of the mind ordinarily susceptible of proof only by circumstantial evidence. Evidence of a defendant's actions following restraint of the victim is some evidence of the reason for the restraint." *State v. Pigott*, 331 N.C. 199, 211, 415 S.E.2d 555, 562 (1992). Intent to terrorize means more than an intent to put another in fear. It means an intent to "[put] that person in some high degree of fear, a state of intense fright or apprehension." *State v. Surrett*, 109 N.C. App. 344, 349, 427 S.E.2d 124, 127 (1993).

[1] The evidence tends to show that defendant forced Ms. Hicks to drive to a secluded area and threatened to kill her twice along the way. At the secluded area, defendant instructed Ms. Hicks to get out of the car, stood in front of her, touched her face, and told her she looked "pretty good." Ms. Hicks was so scared that she did not get a look at defendant until she got out of the car. As Ms. Hicks ran to safety, defendant attempted to stop her by grabbing her arm. Considering the evidence in the light most favorable to the State, this evidence would support a finding that defendant intended by his actions and commands to put the victim in a state of intense fright or apprehension and to sexually assault the victim and that he kidnapped her for these purposes.

[2] Defendant also argues that the trial court erred in refusing to instruct the jury on the lesser-included offense of misdemeanor false imprisonment. Where there is no evidence from which the jury could find that the crime of lesser degree was committed, the trial court need not instruct on a lesser-included offense. *State v. Surrett*, 109 N.C. App. at 351, 427 S.E.2d at 128. The difference between kidnapping and the lesser-included offense of false imprisonment is the pur-

pose of the confinement, restraint, or removal of another person. If the purpose of the restraint was to accomplish one of the purposes enumerated in N.C. Gen. Stat. § 14-39, then the offense is kidnapping. However, if the unlawful restraint occurs without any of the purposes specified in the statute, the offense is false imprisonment. *State v. Pigott*, 331 N.C. 199, 210, 415 S.E.2d 555, 562 (1992). Since the evidence indicated that defendant confined, restrained, and removed the victim in order to terrorize and sexually assault her and there was no evidence indicating that defendant acted for any other purpose, we find the trial court did not err in failing to instruct on the lesser-included offense. *See Surrett*, 109 N.C. App. at 351, 427 S.E.2d at 128.

**[3]** Finally, we consider defendant's argument that the trial court abused its discretion in imposing a sentence which exceeds the presumptive term of nine years. At the sentencing hearing, the trial court found as an aggravating factor that defendant has prior convictions for criminal offenses punishable by more than 60 days in confinement and found no mitigating factors. The court then found that the aggravating factors outweigh the mitigating factors and stated that it "appears to the Court that the appropriate sentence for gravity of this offense and considering that the jury has found by a unanimous verdict that you committed this offense on two separate and distinct alternative theories, I believe that the appropriate sentence here would be three times the presumptive which is twenty-seven years." The court then ordered that defendant be committed to custody of the Department of Corrections for twenty-seven years.

Where the trial judge has determined that aggravating factors outweigh mitigating factors, the question of whether to impose a sentence which exceeds the presumptive term, and if so, to what extent is within the trial judge's discretion. *State v. Watson*, 311 N.C. 252, 258, 316 S.E.2d 293, 297 (1984). Defendant argues that the trial judge abused his discretion by considering the gravity of the offense as a factor in imposing a sentence three times the presumptive term of nine years. A trial judge may not consider the seriousness of a crime as a factor in aggravation; this factor was presumably considered by the Legislature in determining the presumptive sentence for this offense. *State v. Blackwelder*, 309 N.C. 410, 418, 306 S.E.2d 783, 789 (1983). "Rather, the 'seriousness' of a crime may be measured in terms of *specific* statutory or nonstatutory aggravating or mitigating factors related to the character or conduct of the offender or focusing on the victim." *Id.*

The court's comments indicate that it improperly considered the seriousness of the offense in determining whether to increase the presumptive term. We thus remand for a new sentencing hearing. *State v. Shaw,* 106 N.C. App. 433, 442, 417 S.E.2d 262, 268-69, *cert. denied,* 333 N.C. 170, 424 S.E.2d 914 (1992). *See also State v. Cannon,* 326 N.C. 37, 39-40, 387 S.E.2d 450, 451 (1990) (failure to formally document a finding in aggravation does not insulate court's remarks from appellate review; defendant entitled to new sentencing hearing where it can reasonably be inferred from the language of the trial judge that he imposed the sentence at least in part for an improper reason).

Guilt/Innocence Phase: No error.

Sentencing Phase: Remanded for new sentencing hearing.

Judges EAGLES and MARTIN, JOHN C. concur.