STATE OF NORTH CAROLINA v. PERRY JAMEL ANTWAIN JONES

No. COA02-996

(Filed 17 June 2003)

## 1. Firearms and Other Weapons— firearm enhancement statute—first-degree kidnapping

The trial court did not err by sentencing defendant to an additional sixty months in prison for first-degree kidnapping pursuant to the firearm enhancement statute even though our Supreme Court held in *Lucas*, 353 N.C. 568 (2001), that the State must allege the statutory factors supporting the enhancement under N.C.G.S. § 15-1340.16A in an indictment, because: (1) the decision in *Lucas* was expressly limited to cases that were not yet final; and (2) the judgment in defendant's case was final at the time the decision in *Lucas* was filed.

## 2. Sentencing— aggravating factor—serious, permanent, and debilitating injury

The trial court did not abuse its discretion in a first-degree kidnapping case by finding the aggravating factor that the victim suffered serious, permanent, and debilitating injury, because: (1) the evidence that the victim had been shot was sufficient to prove the serious injury element of first-degree kidnapping, and the evidence that the victim was paralyzed as a result of the shooting was the additional evidence that supported the finding of the aggravating factor; and (2) the same item of evidence was not used to prove both an element of the offense and an aggravating factor in this case.

Appeal by defendant, by writ of certiorari granted by this Court on 11 March 2002, from judgments dated 6 September 1995 by Judge George L. Wainwright, Jr. in Superior Court, Lenoir County. Heard in the Court of Appeals 17 April 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Robert C. Montgomery, for the State.*

*Lynne Rupp for defendant-appellant.*

McGEE, Judge.

Perry Jamel Antwain Jones (defendant) was indicted for armed robbery, attempted first degree murder, assault with a deadly weapon with intent to kill inflicting serious injury, and first degree kidnapping on 1 May 1995. Defendant pled guilty to first degree kidnapping and assault with a deadly weapon inflicting serious injury and the State dismissed the remaining charges on 6 September 1995. The State presented a factual basis for defendant's plea in open court and Judge George L. Wainwright, Jr. accepted the plea.

The factual basis tended to show that defendant was playing cards with friends at the home of Robert Lang (Lang) on 2 February 1995. Defendant left Lang's house and returned after the card game. Defendant and Lang played a few more hands of cards and defendant went to the bathroom and returned with a gun. Defendant demanded his money back from Lang and Lang gave him about $200.00. Defendant ordered Lang to go with him into the backyard, forcing Lang at gunpoint to walk onto the porch. When Lang refused to go into the backyard, defendant pushed Lang off the porch and began shooting him. Lang fell to the ground but could not get up because he had been shot. Lang remains paralyzed as a result of the shooting.

Judge Wainwright made findings as to aggravating factors that included the finding that Lang suffered serious injury that was permanent and debilitating. Judge Wainwright also found as a mitigating factor that defendant suffered from a mental condition that reduced his culpability but that was insufficient to constitute a defense. The trial court sentenced defendant to a minimum of 108 months and a maximum of 139 months in prison for first degree kidnapping. The trial court also added an enhanced firearm penalty of 60 months in prison to the sentence, making the sentence a minimum of 168 months and a maximum of 199 months in prison. The trial court also sentenced defendant to a minimum of 36 months and a maximum of 53 months in prison for assault with a deadly weapon inflicting serious injury.

Judge Paul L. Jones amended defendant's judgment on 12 April 2001 to correct the sentence by making the maximum sentence correspond with the minimum sentence according to the sentencing grid. Defendant's corrected sentence was a minimum of 168 months and a maximum of 211 months in prison for first degree kidnapping.

Defendant filed a petition for writ of certiorari on 19 February 2002 with this Court. We granted defendant's petition on 11 March 2002 for the purpose of reviewing the judgments entered against defendant by Judge Wainwright on 6 September 1995.

**[1]** Defendant first argues the trial court erred in sentencing defendant to an additional 60 months in prison pursuant to North Carolina's firearm enhancement statute because the requisite facts were not alleged in the indictment to which defendant pled guilty. Defendant contends that imposition of the enhancement in this case is a violation of his rights under the United States and North Carolina constitutions.

Defendant bases his argument upon the rule established by our Supreme Court in *State v. Lucas*, 353 N.C. 568, 548 S.E.2d 712 (2001), which followed decisions by the United States Supreme Court in *Jones v. United States*, 526 U.S. 227, 143 L. Ed. 2d 311 (1999) (holding that any facts that increase the maximum penalty for a crime must be charged in an indictment), and *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435 (2000) (holding that the rule established in *Jones* was applicable to state statutes under the Fourteenth Amendment to the United States Constitution).

Our Supreme Court held in *Lucas* that "in every instance where the State seeks an enhanced sentence pursuant to N.C.G.S. § 15A-1340.16A, it must allege the statutory factors supporting the enhancement in an indictment, which may be the same indictment that charges the underlying offense, and submit those factors to the jury." *Lucas*, 353 N.C. at 597-98, 548 S.E.2d at 731. In *Lucas*, the defendant's enhanced sentences for first degree kidnapping and second degree burglary were vacated and remanded because the defendant was not charged in an indictment with the statutory factors supporting an enhancement. However, this ruling was specifically limited to cases in which a defendant had not yet been indicted, cases that were pending on direct review, and cases that were not yet final as of the certification date of the opinion. *Id.* at 598, 548 S.E.2d at 732.

Our Supreme Court filed its opinion in *Lucas* on 20 July 2001. In the present case, the record indicates that defendant was sentenced pursuant to a plea agreement on 6 September 1995. Defendant was required at that time to give oral notice of appeal at trial or file a written notice of appeal within fourteen days after entry of the judgment in order to preserve his right of appeal. N.C.R. App. P. 4(a). Defendant failed to give notice of appeal during this time frame and his case was

not pending on appeal at the time of our Supreme Court's decision in *Lucas*. Accordingly, the judgment in defendant's case was final at the time the decision in *Lucas* was filed. While defendant's petition for a writ of certiorari was granted by this Court on 11 March 2002, this did not change the final judgment status of defendant's case for the purpose of *Lucas*. Since the decision in *Lucas* was expressly limited to cases that were not yet final, defendant's argument is without merit.

[2] Defendant also argues the trial court erred in finding the aggravating factor that Lang suffered serious, permanent, and debilitating injury. Defendant contends that the serious injury elevated the crime from second degree kidnapping to first degree kidnapping and is statutorily prohibited from being used as an aggravating factor.

Under the Structured Sentencing Act, the trial court must consider evidence of aggravating and mitigating factors and may impose a sentence in its discretion. N.C. Gen. Stat. § 15A-1340.16(a) (2001). "A trial court's weighing of mitigating and aggravating factors will not be disturbed on appeal absent a showing that there was an abuse of discretion." *State v. Wampler*, 145 N.C. App. 127, 133, 549 S.E.2d 563, 568 (2001). "Evidence necessary to prove an element of the offense shall not be used to prove any factor in aggravation, and the same item of evidence shall not be used to prove more than one factor in aggravation." N.C. Gen. Stat. § 15A-1340.16(d); *see State v. Holt*, 144 N.C. App. 112, 547 S.E.2d 148 (2001), *disc. review improvidently allowed*, 355 N.C. 347, 560 S.E.2d 793 (2002).

Kidnapping is the unlawful, nonconsensual confinement, restraint or removal from one place to another of a person for the purpose of committing specified acts that are set forth in N.C. Gen. Stat. § 14-39 (2001). *See State v. Claypoole*, 118 N.C. App. 714, 717, 457 S.E.2d 322, 324 (1995). "If the person kidnapped . . . was not released by the defendant in a safe place or had been seriously injured or sexually assaulted, the offense is kidnapping in the first degree." N.C.G.S. § 14-39(b). N.C. Gen. Stat. § 15A-1340.16(d)(19) (2001) lists "serious injury inflicted upon the victim [that is] permanent and debilitating" as an aggravating factor for consideration by the trial court.

In *State v. Crisp*, 126 N.C. App. 30, 483 S.E.2d 462, *disc. review denied*, 346 N.C. 284, 487 S.E.2d 559 (1997), the defendant was convicted of assault with a deadly weapon with intent to kill inflicting serious injury and assault with a deadly weapon inflicting serious

injury. At sentencing, the trial court found as an aggravating factor that the victims suffered serious injury that was permanent and debilitating. In upholding the sentence imposed by the trial court, our Court stated:

> [T]he language of the statute, that "the serious injury inflicted upon the victim is permanent and debilitating" creates a distinction between the suffering of the victim at the time the serious injury is inflicted and any long-term or extended effects that arise due to that serious injury. The gunshot wounds suffered by [the victims] resulted in serious injuries at the time they were inflicted, wholly apart from their consequences. Richardson's paralysis and Nordan's weakness and diminished ability to use his arm were the long-term effects of these injuries. Thus, the same evidence was not used to support an element of the offense and the aggravating factor.

*Id.* at 39, 483 S.E.2d at 468.

Our Supreme Court reached a similar result in *State v. Brinson*, 337 N.C. 764, 448 S.E.2d 822 (1994). In *Brinson*, the defendant attacked his cell mate, striking him in the jaw and slamming his head into the jail bars. After hearing the victim's neck pop, the defendant then slammed the victim's head onto the floor several times. The victim was paralyzed below the chest as a result of the attack. Our Supreme Court held that "[t]he evidence relating to the victim's broken neck, aside from evidence relating to the resulting paralysis, was sufficient to establish the element of the crime that the defendant inflicted a 'serious injury' upon the victim." *Id.* at 770, 448 S.E.2d at 826. The Court also stated that "[t]he evidence relating to the broken neck, however, was not used in making the finding that the 'injuries sustained by the victim were extremely severe and permanent'; instead, that finding rested solely on the victim's paralysis." *Id.*

In the case before us, the record shows that defendant forced Lang to walk out onto the porch at gunpoint, where defendant pushed Lang off of the porch and shot him. Lang fell to the ground but was unable to get up because he had been shot. He is paralyzed as a result of the shooting. The evidence supporting the finding of the aggravating factor that the injury was permanent and debilitating went beyond that necessary to prove the serious injury element of first degree kidnapping. The evidence that Lang had been shot was sufficient to prove the serious injury element of first degree kidnapping. The evidence that Lang was paralyzed as a result of the shooting was

the additional evidence that supported the finding of the aggravating factor. The same item of evidence was not used to prove both an element of the offense and an aggravating factor in this case. This assignment of error is without merit.

We have reviewed defendant's remaining assignment of error and find it to be without merit.

Affirmed.

Judges McCULLOUGH and LEVINSON concur.