IN THE MATTER OF: B.D.W.

No. COA05-388

(Filed 7 February 2006)

**1. Juveniles— delinquency—second-degree kidnapping—defective indictments—false imprisonment**

The trial court erred by adjudicating a juvenile delinquent on the charges of second-degree kidnapping under N.C.G.S. § 14-39, and the case is remanded for imposition of adjudication on two counts of false imprisonment and entry of a disposition consistent with the adjudication, because: (1) the petitions failed to set out one of the eight purposes required by statute for proof of kidnapping, and thus, are fatally defective; (2) the petitions here did not incorporate by reference this essential element in the other petitions alleging common law robbery and sex offense; and (3) the trial court's adjudication of the minor as delinquent as to the two counts of second-degree kidnapping contained all the elements of false imprisonment.

**2. Juveniles— jurisdiction—amendment to juvenile petition a nullity**

Plaintiff's motion to declare an amendment by the trial court to the juvenile petitions (regarding the defective kidnapping petitions) as a nullity is granted, because the trial court lacked jurisdiction to amend the petition in 2005 after the juvenile perfected his appeal to this Court in 2004.

Appeal by juvenile from an order entered 21 July 2004 by Judge Marcia H. Morey in Durham County District Court. Heard in the Court of Appeals 16 November 2005.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Alexander M. Hightower, for the State.*

*Russell J. Hollers III for juvenile-appellant.*

HUNTER, Judge.

B.D.W., a juvenile, appeals from a final order adjudicating him delinquent on two counts of second degree kidnapping, one count of common law robbery, and two counts of simple assault. For the reasons stated herein, we vacate the adjudications of delinquency as to the two counts of second degree kidnapping.

The State presented evidence tending to show that on 21 June 2004, B.D.W., a thirteen-year-old male, gained access along with two other male juveniles to a neighborhood pool by climbing a fence. Two other boys, C.S., an eleven-year-old, and H.W., a thirteen-year-old, were already swimming at the pool. C.S. and H.W. attempted to leave the pool, but were threatened by B.D.W. and the other juveniles and forced into the girls' bathroom.

B.D.W. took a hat and the access key to the pool from H.W. and a bicycle from C.S. B.D.W. then blocked the bathroom door while the other juveniles forced C.S. and H.W. to remove their clothes, kiss one another, and lick one another's bodies, including genitalia. B.D.W. and another juvenile also hit C.S. and H.W. in the face and body before releasing them. The hat and key were recovered from B.D.W. B.D.W. testified at the hearing.

The trial court adjudicated B.D.W. delinquent as to two counts of kidnapping, two counts of assault, and one count of common law robbery. After a dispositional hearing, the trial court ordered B.D.W. committed to the Department of Juvenile Justice for confinement in a Youth Detention Center for not less than sixteen months. B.D.W. appeals.

I.

[1] B.D.W. contends the trial court erred in adjudicating B.D.W. delinquent on the charges of second degree kidnapping as the indictment failed to allege all elements of the crime. We agree.

"When a petition is fatally deficient, it is inoperative and fails to evoke the jurisdiction of the court." *In re J.F.M. & T.J.B.*, 168 N.C. App. 143, 150, 607 S.E.2d 304, 309, *appeal dismissed and disc. review denied*, 359 N.C. 411, 612 S.E.2d 320 (2005). "Because juvenile petitions are generally held to the standards of a criminal indictment, we consider the requirements of the indictments of the offenses at issue." *Id.*

**IN RE B.D.W.**

[175 N.C. App. 760 (2006)]

B.D.W. was charged with second degree kidnapping under N.C. Gen. Stat. § 14-39 (2005). Section 14-39 sets out the elements of kidnapping as follows:

> (a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person, or any other person under the age of 16 years without the consent of a parent or legal custodian of such person, shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:

> (1) Holding such other person for a ransom or as a hostage or using such other person as a shield; or

> (2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony; or

> (3) Doing serious bodily harm to or terrorizing the person so confined, restrained or removed or any other person; or

> (4) Holding such other person in involuntary servitude in violation of G.S. 14-43.2.

*Id.* "Since kidnapping is a specific intent crime, the State must prove that the defendant unlawfully confined, restrained, or removed the person for one of the eight purposes set out in the statute." *State v. Moore*, 315 N.C. 738, 743, 340 S.E.2d 401, 404 (1986). "The indictment in a kidnapping case must allege the purpose or purposes upon which the State intends to rely, and the State is restricted at trial to proving the purposes alleged in the indictment." *Id.*

Here, the petition for delinquency states that "the juvenile unlawfully, willfully and feloniously, did: . . . kidnap H.W.[,] a person under the age of 16 years by unlawfully restraining him without the consent of his parent or legal guardian pursuant to G.S. 14-39." An otherwise identical petition naming C.S. as the victim was submitted for the second charge of second degree kidnapping. The indictments here fail to set out one of the eight purposes required by statute for proof of kidnapping, and are therefore fatally defective.

The State contends that the failure to include the purpose for which the kidnapping was conducted is not fatally defective, as sufficient notice of the element was provided by the accompanying petitions alleging common law robbery and sex offense arising from the

same transaction. Our Court has previously addressed this argument and found it to be without merit.

In *State v. Moses*, 154 N.C. App. 332, 572 S.E.2d 223 (2002), the defendant was indicted for two charges arising from the same transaction, robbery with a dangerous weapon, and assault with a deadly weapon inflicting serious injury. *Id.* at 335-36, 572 S.E.2d at 226. The indictment for assault with a deadly weapon was defective as it failed to identify the deadly weapon used in the assault. *Id.* at 336, 572 S.E.2d at 226. However, the indictment for robbery with a dangerous weapon identified the weapon as a bottle, and the State contended the defendant was therefore properly given notice as to the element of the deadly weapon in the assault charge. *Id. Moses* recognized that " '[i]t is settled law that each count of an indictment containing several counts should be complete in itself.' " *Id.* at 336, 572 S.E.2d at 226 (citations omitted). *Moses* held that although "allegations in one count may be incorporated by reference in another count[,]" *id.* at 336, 572 S.E.2d at 226-27, when an indictment fails to include an essential element and does not incorporate by reference another indictment, the indictment "does not adequately enable defendant to prepare for trial and avoid the possibility of double jeopardy, or allow the court to enter judgment on the offense." *Id.* at 337, 572 S.E.2d at 227.

As in *Moses*, the petition here failed to include an essential element and did not incorporate by reference the other petitions alleging common law robbery and sex offense. As " 'each count of an indictment' containing several counts should be complete in itself[,]' " and the petitions here as to kidnapping omitted an essential element, the adjudication as to these offenses must be vacated. *Id.* at 336, 572 S.E.2d at 226 (citations omitted).

" 'The crime of false imprisonment is a lesser included offense of the crime of kidnapping.' " *State v. Harrison*, 169 N.C. App. 257, 265, 610 S.E.2d 407, 414 (citations omitted), *disc. review on additional issues denied*, 360 N.C. 71, 622 S.E.2d 496 (2005). "The difference between kidnapping and the lesser included offense of false imprisonment is the *purpose* of the confinement, restraint, or removal of another person." *State v. Surrett*, 109 N.C. App. 344, 350, 427 S.E.2d 124, 127 (1993). "If the purpose of the restraint was to accomplish one of the purposes enumerated in the kidnapping statute then the offense is kidnapping." *Id.* at 350, 427 S.E.2d at 127-28. "If, however, an unlawful restraint occurs without any of the purposes specified

IN RE B.D.W.

[175 N.C. App. 760 (2006)]

in the statute the offense is false imprisonment." *Id.* at 350, 427 S.E.2d at 128.

Here, the trial court's adjudication of B.D.W. as delinquent as to the two counts of second degree kidnapping contains all the elements of false imprisonment. We therefore remand for imposition of adjudication on two counts of false imprisonment and entry of a disposition consistent with the adjudication. *See State v. Miller*, 146 N.C. App. 494, 504-05, 553 S.E.2d 410, 417 (2001) (remanding for imposition of judgment and resentencing on lesser included false imprisonment when jury's verdict of guilty of second degree kidnapping contained all the elements of the lesser included offense of false imprisonment, and evidence was insufficient to prove kidnapping purpose alleged in indictment).

## II.

**[2]** Plaintiff also filed a motion with this Court to declare an amendment by the trial court to the juvenile petitions a nullity. For the following reasons, we grant this motion.

B.D.W. gave notice of appeal on 27 July 2004, and filed his appellant's brief, concerning the assignment of error addressed *supra*, with this Court on 1 June 2005. A hearing was held on 16 June 2005 regarding B.D.W.'s continued detention pending appeal, pursuant to N.C. Gen. Stat. § 7B-2605 (2005).

During that hearing, the State made an oral motion to amend the alleged defective kidnapping petitions to include the missing element. Arguments on this motion were heard on 29 July 2005 and the motion to amend the petitions was granted on 3 August 2005 by the trial court.

Although the trial court had jurisdiction under section 7B-2605 to enter an order as to B.D.W.'s custody pending the appeal to this Court of the disposition, this specific exception to N.C. Gen. Stat. § 1-294 relates only to matters affecting the custody or placement of the juvenile. *See In re Huber*, 57 N.C. App. 453, 459, 291 S.E.2d 916, 920 (1982). N.C. Gen. Stat. § 1-294 (2005) states that "[w]hen an appeal is perfected as provided by this Article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced th'erein[.]" *Id.*

As the trial court lacked jurisdiction to amend the petition in 2005 after B.D.W. perfected his appeal to this Court in 2004, such amend-

ment is a nullity and we, therefore, grant plaintiff's motion. *See In re Miller*, 162 N.C. App. 355, 359, 590 S.E.2d 864, 866 (2004).

Vacate and remand for imposition of adjudication and sentence on false imprisonment.

Judges McCULLOUGH and GEER concur.