STATE OF NORTH CAROLINA v. CHRISTOPHER A. HASTY

No. COA06-532

(Filed 2 January 2007)

**1. Homicide— short-form murder indictment—aggravating factors not required**

Aggravating factors were not required to be alleged in a short-form murder indictment.

**2. Sentencing— jury finding needed for increased sentence— rule not retroactively applied**

The rule of *Blakely v. Washington,* 542 U.S. 296, concerning increased sentences without a jury finding or a stipulation, did not apply here because defendant's case was final at the time

*Blakely* was issued. Defendant later moved for a writ of certiorari from the Court of Appeals.

Appeal by defendant from judgment entered 10 August 1998 by Judge William C. Griffin in New Hanover County Superior Court. Heard in the Court of Appeals 6 December 2006.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General John C. Evans, for the State.*

*McAfee Law, P.A., by Robert J. McAfee, for defendant-appellant.*

HUNTER, Judge.

Christopher A. Hasty ("defendant") appeals from a judgment entered 10 August 1998 pursuant to a guilty plea to second degree murder. For the reasons stated herein, we affirm the judgment and conviction of the trial court.

Defendant was indicted for the first degree murder of Pernisia L. Parker ("Parker") on 9 September 1997. Defendant pled guilty to second degree murder, along with other drug related charges unrelated to this appeal. The factual basis for the guilty plea showed that defendant strangled Parker, who was eight months pregnant at the time of her death. Defendant then drove Parker's body to the edge of a remote wooded lot. Defendant returned on several occasions, attempting unsuccessfully to bury the body.

At the hearing on 10 August 1998, defendant introduced evidence of two mitigating factors: Early acknowledgment of wrongdoing and mental condition not constituting a defense. The State introduced, without objection, evidence of one aggravating factor: Parker was eight months pregnant at the time of her murder. The trial court found that the aggravating factor outweighed the mitigating factors and sentenced defendant in the aggravated range to 276 to 341 months for the second degree murder charge.

On 9 January 2002, defendant filed a writ of certiorari with this Court, which was granted on 29 January 2002, but limited review to those issues which could have been raised on direct appeal pursuant to N.C. Gen. Stat. § 15A-1444(a1) and (a2). This Court also ordered the New Hanover County Superior Court to hold a hearing to determine whether defendant was entitled to appointment of counsel.

No further action was taken. On 18 November 2005, defendant filed a petition for a writ of mandamus to require the New Hanover County Superior Court to comply with the 29 January 2002 order. This Court granted the writ of mandamus on 12 December 2005. Defendant was appointed counsel thereafter and proceeded with the appeal now before us.

I.

[1] Defendant first contends, in related assignments of error, that the trial court erred in finding an aggravating factor and in sentencing defendant in the aggravated range when the indictment did not allege an aggravating factor. We disagree.

In *State v. Hunt*, 357 N.C. 257, 272, 582 S.E.2d 593, 603 (2003), our Supreme Court held conclusively that short-form murder indictments are not required statutorily or constitutionally to include aggravators in a state court indictment. Here, defendant was indicted using the short-form murder indictment, and therefore the aggravating factors were not required to be alleged. The assignment of error is overruled.

II.

[2] Defendant next contends that the sentence imposed by the trial court was not a type authorized without a jury finding or stipulation to the aggravating factor under the holding in *Blakely v. Washington*. We disagree.

Defendant contends that the United States Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403 (2004), holding any facts other than prior convictions, including aggravating sentencing factors, which " 'increase[] the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt[,]' " *id.* at 301, 159 L. Ed. 2d at 412 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455 (2000)), is controlling. *Blakely* created a new rule for the conduct of criminal prosecutions. The United States Supreme Court has previously held that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final[.]" *Griffith v. Kentucky*, 479 U.S. 314, 328, 93 L. Ed. 2d 649, 661 (1987); *see also State v. Lucas*, 353 N.C. 568, 598, 548 S.E.2d 712, 732 (2001), *overruled on other grounds by State v. Allen*, 359 N.C. 425, 615 S.E.2d

256 (2005); *State v. Hinnant*, 351 N.C. 277, 287, 523 S.E.2d 663, 669 (2000). The United States Supreme Court's decision in *Blakely v. Washington* was issued 24 June 2004.

Here, defendant's case was final in 1998, when his plea of guilty was accepted and judgment entered. Defendant did not take a direct appeal from that judgment, but rather moved for a writ of certiorari from this Court in 2002. As defendant's case was not pending on direct review and was final at the time the rule in *Blakely* was issued, the rule cannot be retroactively applied to defendant's appeal before this Court by writ of certiorari. *See State v. Pender*, 176 N.C. App. 688, 693-94, 627 S.E.2d 343, 347 (2006).

As the aggravating factor was not required to be alleged in the short-form murder indictment, and as the rule issued by the United States Supreme Court in *Blakely* does not retroactively apply to defendant's case, we affirm defendant's judgment and conviction.

Affirmed.

Judges McCULLOUGH and ELMORE concur.