STATE OF NORTH CAROLINA v. TELLY SAVALAS COLEMAN

No. COA06-441

(Filed 6 February 2007)

**Appeal and Error— appealability—*Blakely* error—case not pending on direct review—case final before *Blakely***

Defendant was not entitled to review under *Blakely v. Washington*, 542 U.S. 296 (2004), in a second-degree murder and robbery with a dangerous weapon case, because: (1) defendant's case was not pending on direct review when *Blakely* was decided; (2) defendant's case was final on 7 April 2004 before the 24 June 2004 decision in *Blakely* based on the fact that he failed to perfect a timely appeal; and (3) the granting of a petition for writ of certiorari does not alter the determination of when a case becomes final.

Appeal by defendant from judgment entered 24 March 2004 by Judge James W. Morgan in Mecklenburg County Superior Court. Heard in the Court of Appeals 2 November 2006.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Daniel P. O'Brien, for the State.*

*Brian Michael Aus, for defendant-appellant.*

JACKSON, Judge.

On the evening of 27 January 2000, Telly Savalas Coleman ("defendant") approached a vehicle stopped momentarily in a parking lot. The vehicle was occupied by Byron Johnson ("Johnson"), seated in the driver's seat, and Myron Harris ("Harris"), seated in the front passenger seat. Defendant asked Johnson if he had any marijuana for sale, and when Johnson replied that he did not, defendant produced a handgun and robbed Johnson of his gold necklace, his watch, and approximately $300.00 in cash. Defendant then said to Johnson, "I know you've got something else. Don't make me shoot you." Johnson responded that he had given everything he had to defendant, but defendant shot Johnson twice, killing him. Defendant fled the scene, and after being located and interviewed by police the following day, defendant confessed to the shooting. Defendant, however, denied the robbery and contended that Johnson had pointed a gun at defendant moments before defendant approached Johnson's vehicle. Nevertheless, defendant admitted that Johnson did not have a gun in his hands at the time defendant shot him.

On 6 March 2000, defendant was indicted for murder and robbery with a dangerous weapon. On 26 September 2000, defendant tendered an *Alford* plea to second-degree murder and robbery with a dangerous weapon as part of a plea agreement. After defendant stipulated to a Prior Record Level of III, Judge Shirley L. Fulton accepted the plea, and on 2 April 2001, Judge Fulton imposed consecutive sentences— an aggravated sentence of 248 to 307 months imprisonment for the murder charge and a presumptive sentence of 103 to 133 months for the armed robbery charge.

On 22 March 2002, defendant filed a motion for appropriate relief to have his sentence reviewed, and on 12 April 2002, Judge Fulton ordered a resentencing hearing. On 28 June 2002, Judge Fulton ruled that defendant's original sentence of 248 to 307 months should stand. Judge Fulton did not enter any signed judgment concerning the resentencing.

On 8 January 2004, defendant filed a motion for appropriate relief seeking a new sentencing hearing, which was granted by Judge Robert P. Johnston by order entered 23 January 2004. On 24 March 2004, Judge James W. Morgan—for the express purpose of reducing Judge Fulton's 28 June 2002 findings to writing—entered written findings of aggravating and mitigating factors consistent with Judge Fulton's oral findings. Judge Morgan then entered a Judgment and

Commitment, in which he sentenced defendant to an aggravated term of 248 to 307 months imprisonment for second-degree murder. The Judgment and Commitment expressly notes that "[t]his judgment is prepared to make a paper record of the judgment entered by Hornable [sic] Shirley L. Fulton 06/28/2002." In open court, defendant entered notice of appeal from this judgment, but defendant never perfected this appeal.

On 25 January 2005, defendant filed a petition for writ of certiorari, which this Court dismissed on 11 February 2005. On 31 May 2005, defendant filed another petition for writ of certiorari, contending that the trial court committed structural error pursuant to *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403 (2004), and *State v. Allen*, 359 N.C. 425, 615 S.E.2d 256 (2005), by sentencing him to an aggravated sentence for his conviction of second-degree murder. On 16 June 2005, this Court granted defendant's petition for writ of certiorari for purposes of reviewing the judgment of 24 March 2004.

In 2004, the United States Supreme Court held that, with the exception of the fact of a prior conviction, trial courts may not increase a defendant's sentence beyond the prescribed statutory maximum unless the facts necessary to support the enhancement are found by a jury or admitted to by the defendant. *See Blakely*, 542 U.S. at 301, 159 L. Ed. 2d at 412. Last year, our Supreme Court held "that *Blakely* errors arising under North Carolina's Structured Sentencing Act are structural and, therefore, reversible *per se*." *Allen*, 359 N.C. at 444, 615 S.E.2d at 269. *Allen*, however, was withdrawn by order entered 17 August 2006 for re-consideration in light of the United States Supreme Court's decision in *Washington v. Recuenco*, 548 U.S. ——, 165 L. Ed. 2d 466 (2006). *See State v. Allen*, 360 N.C. 569, 635 S.E.2d 899 (2006).[1] In *Recuenco*, the United States Supreme Court concluded that "[f]ailure to submit a sentencing factor to the jury, like failure to submit an element to the jury, is not structural error," and thus *Blakely* errors could be subjected to harmless error analysis. *Recuenco*, 548 U.S. at ——, 165 L. Ed. 2d at 477. In reliance on *Recuenco*, our Supreme Court recently held that *Blakely* violations are reviewed under this harmless error analysis. *See State v. Blackwell*, 361 N.C. 41, 42, 638 S.E.2d 452, 453 (2006). As such, "we must determine from the record whether the evidence against the defendant was so 'overwhelming' and 'uncontroverted' that any ra-

---

1. On 5 September 2006, the Court granted the defendant's motion to declare the matter moot. *See State v. Allen*, No. 485PA04-2, 2006 N.C. LEXIS 1006 (N.C. Sept. 5, 2006).

tional fact-finder would have found the disputed aggravating factor beyond a reasonable doubt." *Id.* at 49, 638 S.E.2d at 458.

Before reaching the issue of whether *Blakely* error has occurred, however, it first is necessary to determine whether defendant is entitled to *Blakely* review. This is significant because "[a]pplication of constitutional rules not in existence at the time a conviction became final seriously undermines the principle of finality which is essential to the operation of our criminal justice system." *State v. Green,* 350 N.C. 400, 407, 514 S.E.2d 724, 729 (1999) (quoting *Teague v. Lane,* 489 U.S. 288, 309, 103 L. Ed. 2d 334, 355 (1989)). As this Court recently held, defendants entitled to *Blakely* review are only those whose cases were pending on direct review or were not yet final as of the date the *Blakely* opinion was issued. *See State v. Hasty,* 181 N.C. App. 144, 147, 639 S.E.2d 94, 96 (2007).

In the case *sub judice,* defendant was indicted on 6 March 2000, well before the 24 June 2004 decision in *Blakely.* Defendant's case was not pending on direct review when *Blakely* was decided, and it appears that defendant's case was "final" before the 24 June 2004 decision in *Blakely.* As such, defendant is not entitled to *Blakely* review.

As this Court has held, a case is "final" when " 'a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for petition for *certiorari* elapsed or a petition for *certiorari* finally denied.' " *State v. Simpson,* 176 N.C. App. 719, 722, 627 S.E.2d 271, 274 (quoting *State v. Zuniga,* 336 N.C. 508, 511 n.1, 444 S.E.2d 443, 445 (1994)), *disc. rev. dismissed,* 360 N.C. 653, 637 S.E.2d 191 (2006). Originally sentenced on 2 April 2001, defendant filed a motion for appropriate relief on 22 March 2002 and the trial court granted defendant's request for a resentencing hearing. At the hearing on 28 June 2002, the trial court made its findings and conclusions in open court and determined that defendant's original sentence should stand. Although the trial court rendered judgment at this hearing, the court did not file a written, signed judgment with the clerk of court, and as such, judgment was not entered at this time. *See Stachlowski v. Stach,* 328 N.C. 276, 282-83, 401 S.E.2d 638, 642-43 (1991) (distinguishing "rendering judgment" from "entering judgment"); *see also State v. Gary,* 132 N.C. App. 40, 42, 510 S.E.2d 387, 388 (" 'Entry' of an order occurs when it is reduced to writing, signed by the trial court, and filed with the clerk of court."), *cert. denied,* 350 N.C. 312, 535 S.E.2d 35 (1999). On 8 January 2004, defendant filed another motion

for appropriate relief, which was granted on 22 January 2004, and on 24 March 2004, the trial court filed a signed, written judgment, albeit for the express purpose of "mak[ing] a paper record of the judgment" from 28 July 2002. Accordingly, judgment was entered on 24 March 2004. Defendant, however, failed to perfect an appeal from this judgment, and thus, defendant's time for appeal expired on 7 April 2004, fourteen days after judgment finally was entered. *See* N.C. R. App. P. 4(a) (2001) (providing that in order to preserve the right of appeal, defendants must give oral notice of appeal at trial or file a written notice of appeal within fourteen days after entry of the judgment or within fourteen days after a ruling on a motion for appropriate relief filed within the fourteen-day period following entry of the judgment).

Although we granted defendant's 31 May 2005 petition for writ of certiorari, defendant's case still was final as of 7 April 2004, prior to the *Blakely* decision on 24 June 2004. It is well-established that a "writ of *certiorari* is used . . . as a substitute for an appeal," *State v. Moore,* 210 N.C. 686, 690, 188 S.E. 421, 424 (1936), but this Court has held that the granting of a petition for writ of certiorari does not alter the determination of when a case becomes final. *See, e.g., Hasty,* 181 N.C. App. at 147, 639 S.E.2d at 96 ("As defendant's case was not pending on direct review and was final at the time the rule in *Blakely* was issued, the rule cannot be retroactively applied to defendant's appeal before this Court by writ of certiorari."). In *State v. Jones,* 158 N.C. App. 498, 500, 581 S.E.2d 103, 105, *cert. denied,* 357 N.C. 465, 586 S.E.2d 462 (2003), this Court found that the defendant failed to file a direct appeal within the time frame provided by Rule 4(a) of the Rules of Appellate Procedure. This Court held that "[d]efendant failed to give notice of appeal during this time frame and his case was not pending on appeal at the time of our Supreme Court's decision in *Lucas.* Accordingly, the judgment in defendant's case was final at the time the decision in *Lucas* was filed." Furthermore, we noted that

> [w]hile defendant's petition for a writ of certiorari was granted by this Court on 11 March 2002, *this did not change the final judgment status of defendant's case* for the purpose of *Lucas.* Since the decision in *Lucas* was expressly limited to cases that were not yet final, defendant's argument is without merit.

*Jones,* 158 N.C. App. at 501, 581 S.E.2d at 105 (emphasis added).

Similarly, defendant's judgment was entered on 24 March 2004, and his case became final on 7 April 2004 when he failed to perfect a

INLAND CONSTR. CO. v. CAMERON PARK II, LTD., LLC

[181 N.C. App. 573 (2007)]

timely appeal. Therefore, we hold that defendant is not entitled to *Blakely* review, and accordingly, defendant is not eligible for a new sentencing hearing. Defendant's sentence, rendered on 28 July 2002 and formally entered on 24 March 2004, is hereby affirmed.

AFFIRMED.

Judges GEER and LEVINSON concur.