**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 29, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD N. CAREW,

Defendant - Appellant.

No. 05-3059

(D. Kansas)

(D.C. Nos. 04-CV-3268-MLB and
03-CR-10015-01-MLB)

**ORDER**

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Movant Richard Carew pleaded guilty to possessing with the intent to distribute cocaine, *see* 21 U.S.C. § 841(a), and was sentenced on June 2, 2003, to 57 months' imprisonment. His base-offense level under the Sentencing Guidelines was increased two levels for possession of a firearm, *see* United States Sentencing Guidelines (USSG) § 2D1.1(b)(1), a fact that he admitted in his plea agreement. In the agreement he waived both his right to direct appeal and his right to file a motion under 28 U.S.C. § 2255.

Nonetheless, on August 24, 2004, Movant filed a § 2255 motion in district court, arguing that his sentence was imposed in violation of the Fifth and Sixth Amendments as interpreted by the Supreme Court in *Apprendi v. New Jersey*, 530

U.S. 466 (2000), and *Blakely v. Washington*, 124 S. Ct. 2531 (2004). The motion contends that *Apprendi* and *Blakely* require that possession of the firearm be charged in the indictment and that a jury find beyond a reasonable doubt that he possessed the firearm before his sentence could be enhanced on that account. Liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), the § 2255 motion also argues that his counsel was ineffective for (1) not informing him of possible *Blakely*-type objections when advising him regarding the waiver of appeal in the plea agreement, and (2) failing to make *Blakely*-type objections at either the sentencing hearing or on direct appeal.

The district court held the motion in abeyance pending the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). It denied the motion once *Booker* was issued, holding that relief under *Booker* was limited to cases on direct review. Movant requested a certificate of appealability (COA) from the district court. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA). The district court denied a COA on two grounds: (1) *Booker* "do[es] not apply to motions for post conviction relief" and (2) in his plea agreement Movant waived his right to file a § 2255 motion. R. Vol. I Doc. 66. The district court also denied Movant's motion to proceed *in forma pauperis* (IFP), finding that the appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Although Movant did not file a formal application for a COA with this court, we construe his notice of appeal and brief as an application for a COA on the issues they raise. *See Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004); *United States v. Gordon,* 172 F.3d 753 (10th Cir. 1999). The issues raised by Movant in this court are not identical to those raised in district court. He continues to claim that he was sentenced in violation of the Fifth and Sixth Amendments and that his counsel was ineffective in (1) not informing him of possible *Blakely*-type objections while counseling him regarding the waiver of appeal in the plea agreement and (2) failing to object to the sentence on the basis of *Apprendi* and *Blakely.* But he adds a claim that he is actually innocent of possessing a gun during the commission of the offense, and he abandons his argument that possession of the firearm must be charged in the indictment.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). "Where a district court has rejected the constitutional claims on the merits," the prisoner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The standard differs slightly if the district court relies on a procedural bar. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable

jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* We recognize that in determining whether to issue a COA, a "full consideration of the factual or legal bases adduced in support of the claims" is not required. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Instead, the decision must be based on "an overview of the claims in the habeas petition and a general assessment of the merits." *Id.*

Because reasonable jurists would not disagree with the district court's conclusion that Movant's claims are either procedurally barred or without merit, we deny a COA and dismiss the appeal.

First, with respect to Movant's *Booker claim,* we have held that neither *Blakely* nor *Booker* applies on collateral review when the conviction was final at the time of the Supreme Court decision. *United States v. Price*, 400 F.3d 844 (10th Cir. 2005) (*Blakely*); *Bellamy v. United States*, __ F.3d __, 2005 WL 1406176, at *2-4 (10th Cir. June 16, 2005) (*Booker*). The judgment accepting Movant's guilty plea was entered June 2, 2003, and he did not appeal; thus, his conviction was final well before the Supreme Court decided either *Blakely* or *Booker*. Accordingly, we reject Movant's *Blakely* and *Booker* claims.

That does not, however, necessarily dispose of Movant's ineffective-assistance-of-counsel claims derived from *Booker* and its antecedents.

-4-

He asserts that counsel was ineffective (1) for failing to advise him of potential *Booker*-type objections before agreeing to the plea agreement's appeal waiver and (2) for failing to raise *Booker* objections at his sentencing hearing. Movant must show (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (internal quotation marks omitted).

Movant entered his plea agreement March 17 and his sentence was imposed July 6, 2003, approximately a year before the Supreme Court decided *Blakely* and almost 18 months before *Booker*. He must therefore show that counsel's failure to extrapolate those holdings from *Apprendi* was objectively unreasonable. In our view, it was not. Although we had held that the rule announced in *Apprendi* applied to criminal proceedings in federal court, *see United States v. Jones*, 235 F.3d. 1231, 1235 (10th Cir. 2000), we had also noted that *Apprendi* "specifically avoided disrupting the use or adequacy of the Sentencing Guidelines." *United States v. Jackson*, 240 F.3d 1245, 1249 (10th Cir. 2001) (internal quotation marks omitted). Given our precedent at the time and the five-year gap between *Apprendi* and *Booker*, counsel's failure to predict *Booker's* constitutional and remedial holdings is not objectively unreasonable. *Cf. United States v. Gonzalez-Huerta*, 403 F.3d 727, 750 (10th Cir. 2005) (Briscoe, J. concurring and

dissenting) ("[I]t is safe to say that no one . . . could have predicted the absolute sea-change in federal sentencing that would ultimately be wrought by the Supreme Court in its *Booker* remedial holding.").

As for Movant's claim that he is actually innocent of possessing a firearm, we find it frivolous. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted). Furthermore, "[i]t is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* The stipulation of facts in the plea agreement states that the arresting officer found a .38 caliber Smith & Wesson pistol in the trunk of the car driven by Movant. The two-level enhancement in USSG § 2D1.1(b)(1) applies "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1 comment. ( n.3). Movant admitted the weapon was present and offers no argument why it is "clearly improbable" that it was not connected with the offense. He has fallen far short of showing actual innocence.

Because no reasonable jurist could disagree that the claims presented in Movant's COA application are either procedurally barred or without merit, we

DENY the application and DISMISS the appeal. Movant's motion to proceed IFP

is DENIED. *See* 28 U.S.C. § 1915(a)(3).

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge