STATE OF NORTH CAROLINA v. NATHANIEL LEE SIMPSON, Defendant

No. COA05-632

(Filed 21 March 2006)

**1. Sentencing— *Blakely* error—case final before effective date of rule**

The trial court's imposition of an aggravated sentence upon defendant based upon an aggravating factor found by the trial court and not submitted to the jury did not entitle defendant to appropriate relief where his case was final as of 23 December 2003; *Blakely* errors are limited to cases that were not final as of 21 July 2005.

**2. Constitutional Law— effective assistance of counsel— issue not raised on appeal**

Defendant received effective assistance of appellate counsel even though his counsel did not challenge his sentence for error under *Apprendi v. New Jersey*, 530 U.S. 466, and *Ring v. Arizona*, 536 U.S. 584, because, at the time, the prevailing law in North Carolina and many jurisdictions was that there was no applicability to noncapital cases. Moreover, a criminal defendant has no right to counsel past the initial appeal; defendant's argument that counsel should have pursued the case through the state and federal Supreme Courts is without merit.

On a writ of *certiorari* from order entered 15 October 2004 by Judge William C. Griffin, Jr. in Superior Court, Martin County. Heard in the Court of Appeals 20 February 2006.

*Attorney General Roy Cooper, III, by Assistant Attorney General Kathleen U. Baldwin and Assistant Attorney General Robert C. Montgomery, for the State.*

*M. Gordon Widenhouse, Jr., for defendant-appellant.*

WYNN, Judge.

Although *Blakely*[1] errors arising under North Carolina's Structured Sentencing Act are reversible *per se,* our Supreme Court in *State v. Allen*[2] limited the application of this rule to cases that were

---

1. *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403 (2004).

2. 359 N.C. 425, 427, 615 S.E.2d 256, 258 (2005).

not final as of 21 July 2005. In this case, Defendant contends the use of a sentencing aggravating factor that was neither submitted to a jury nor stipulated by Defendant constituted a *Blakely* error. Because Defendant's case was final as of 23 December 2003, *Allen* requires us to hold that he is not eligible for a new sentencing hearing.

The facts pertinent to this appeal indicate that following Defendant's pleas of guilty to burglary, larceny, and habitual felon status, the trial court found as an aggravating factor that the victim was physically infirm. Thereafter, the trial court sentenced Defendant to a single term of imprisonment within the aggravated range for a minimum of 190 months and a maximum of 237 months.

Defendant appealed to this Court, challenging the evidence to support the trial judge's finding as an aggravating factor that the victim was physically infirm. In an unpublished opinion filed on 18 November 2003, this Court found no error in Defendant's trial. *State v. Simpson*, 161 N.C. App. 350, —— S.E.2d —— (2003).

Subsequently, Defendant filed a *pro se* motion for appropriate relief in Superior Court, Martin County, contending the trial court violated his Sixth Amendment right to trial by jury as to the aggravating factor and he received ineffective assistance of counsel due to counsel's failure to raise these issues at trial and on appeal. On 15 October 2004, the trial judge entered an order denying Defendant's motion, concluding "as a matter of law that *Blakely v. Washington* is not retroactive and does not apply to [Defendant's] case." Thereafter, Defendant filed a *pro se* petition for *writ of certiorari* seeking review of the trial court's order denying his motion for appropriate relief. On 20 November 2004, this Court allowed Defendant's petition "limited to those issues . . . regarding retroactive application of *Blakely v. Washington*, 542 U.S. ——, 159 L. Ed. 2d 403 (2004) and possible ineffective assistance of counsel in light of *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435 (2000)."

---

[1] On appeal, Defendant first contends that because he received an imprisonment sentence based on an aggravated factor neither submitted to a jury nor proved beyond a reasonable doubt, his sentence is in violation of *Apprendi v. New Jersey* and *Blakely v. Washington*, and is therefore invalid as a matter of law.

In *Apprendi v. New Jersey*, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory

maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455 (2000). The Supreme Court of North Carolina interpreted *Apprendi* in *State v. Lucas*, and held that the statutory maximum for purposes of *Apprendi* was the longest sentence a defendant could receive at the highest prior record level for a particular class of offense. 353 N.C. 568, 596, 548 S.E.2d 712, 731 (2001), *overruled on other grounds by State v. Allen*, 359 N.C. 425, 615 S.E.2d 256 (2005).

The United States Supreme Court defined statutory maximum for applying the *Apprendi* rule in *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403 (2004). The *Blakely* Court held that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303, 159 L. Ed. 2d at 413. Thus, "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." *Id.* at 303-04, 159 L. Ed. 2d at 413-14.

The Supreme Court of North Carolina examined the constitutionality of North Carolina's Structured Sentencing Act in light of *Apprendi* and *Blakely* in *Allen*, 359 N.C. 425, 615 S.E.2d 256. In *Allen*, our Supreme Court concluded that "those portions of N.C.G.S. § 15A-1340.16 (a), (b), and (c) which require trial judges to consider evidence of aggravating factors not found by a jury or admitted by the defendant and which permit imposition of an aggravated sentence upon judicial findings of such aggravating factors by a preponderance of the evidence" are unconstitutional. *Id.* at 438-39, 615 S.E.2d at 265. The Court held, "*Blakely* errors arising under North Carolina's Structured Sentencing Act are structural and, therefore, reversible *per se*." *Id.* at 444, 615 S.E.2d at 269. However, the *Allen* Court made clear that its holdings applied only to those cases "in which the defendants have not been indicted as of the certification date of this opinion and to cases that are now pending on direct review or are not yet final." *Id.* at 427, 615 S.E.2d at 258 (internaal citation and quotation omitted). The *Allen* opinion was certified on 21 July 2005.

In this case, Defendant pled guilty to burglary, larceny, and habitual felon status, and was sentenced to a single term of imprisonment within the aggravated range based upon the trial judge's finding the victim was physically infirm. On direct appeal, Defendant challenged the sufficiency of the evidence to support the trial judge's finding, and this Court filed its opinion affirming the trial court's judgment on 18

November 2003. Defendant did not seek discretionary review of this Court's opinion in the Supreme Court of North Carolina. Thus, Defendant's case became final on 23 December 2003, the date his time expired for seeking discretionary review of this Court's opinion. *See* N.C. R. App. P. 15(b) (providing that the time for filing a petition for discretionary review expires fifteen days after the mandate of this Court has issued); *see also State v. Zuniga*, 336 N.C. 508, 512 n.1, 444 S.E.2d 443, 445 n.1 (1994) (noting that "final" meant "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for petition for *certiorari* elapsed or a petition for *certiorari* finally denied[.]" (citation omitted)). Although this Court allowed Defendant's petition for writ of *certiorari* on 30 November 2004, Defendant's case was pending before this Court on collateral review, not direct review. Because Defendant's conviction was already final when *Allen* was certified on 21 July 2005, and our Supreme Court held that *Allen* only applies to cases that were pending on direct review or were not yet final as of the certification date of the *Allen* opinion, we find no error in the trial court's denial of Defendant's motion for appropriate relief. *See Allen*, 359 N.C. at 427, 615 S.E.2d at 258.

[2] In his final argument on appeal, Defendant contends the trial court erroneously denied his request for a new trial based on ineffective assistance of appellate counsel which violated his constitutional rights.[3] Specifically, Defendant argues that his appellate counsel failed to challenge the constitutionality of the trial court imposing a sentence in excess of the presumptive range that was neither submitted to the jury, nor proved beyond a reasonable doubt in violation of *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, and *Ring v. Arizona*, 536 U.S. 584, 609, 153 L. Ed. 2d 556, 576-77 (2002). Defendant's arguments are without merit.

To show ineffective assistance of appellate counsel, Defendant must meet the same standard for proving ineffective assistance of trial counsel. *Smith v. Robbins*, 528 U.S. 259, 285, 145 L. Ed. 2d 756, 780 (2000). The United States Supreme Court outlined a two-part test in *Strickland v. Washington* to determine if an ineffective assistance of counsel claim has merit:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so seri-

---

3. Although Defendant argued in his motion for appropriate relief that he received ineffective assistance of counsel at the trial and appellate phases of his case, he only argues he received ineffective appellate counsel in his brief.

ous that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington,* 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, *reh'g denied,* 467 U.S. 1267, 82 L. Ed. 2d 864 (1984). Our Supreme Court adopted the *Strickland* test in *State v. Braswell,* 312 N.C. 553, 324 S.E.2d 241 (1985).

Defendant contends he received ineffective assistance due to counsel's failure to raise an issue on appeal based upon *Apprendi* and *Ring.* As discussed above, in *Apprendi,* the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. at 490, 147 L. Ed. 2d at 455. In *Ring,* the United States Supreme Court held that the Sixth Amendment requires a jury, not a judge, to find aggravating circumstances necessary to impose the death penalty. 536 U.S. at 609, 153 L. Ed. 2d at 576-77.

At the time Defendant filed his direct appeal in this Court on 27 February 2003, the prevailing law in North Carolina and many jurisdictions was that the rules of *Apprendi* and *Ring* did not apply to aggravating factors in non-capital cases. *See, e.g., Lucas,* 353 N.C. at 596, 548 S.E.2d at 730-31; *see also Blakely* 542 U.S. at —— n.1, 159 L. Ed. 2d at 424 n.1 (O'Connor, J., dissenting) (outlining a number of cases concluding that *Apprendi* did not apply to aggravating factors in non-capital cases). *But see State v. Gould,* 23 P.3d 801 (Kan. S.C. 2001).

In light of the number of arguably reasonable jurists rejecting the notion that *Apprendi* and *Ring* had any effect on non-capital sentencing prior to *Blakely,* we hold that it was well within reason for Defendant's appellate counsel not to pursue this issue on appeal. Our holding is consistent with other jurisdictions that have found no ineffective assistance of counsel in similar circumstances. *See, e.g., United States v. Carew,* 140 Fed. Appx. 15, 18 (10th Cir. 2005) (holding that even after *Apprendi* was decided, "counsel's failure to predict *Booker's* constitutional and remedial holdings is not objectively unreasonable"); *State v. Febles,* 210 Ariz. 589, 597, 115 P.3d 629, 637 (2005) (holding that "[c]ounsel's failure to predict future changes in

the law, and in particular the *Blakely* decision, is not ineffective because clairvoyance is not a required attribute of effective representation." (citation omitted)); *State v. Vlahopoulos,* —— Ohio App. 3d ——, —— N.E.2d —— (No. 82035) (16 Aug 2005) (holding that "[a]ppellate counsel cannot be required to anticipate future changes in the law and argue such potential changes on appeal.").

Similarly, Defendant's argument that appellate counsel should have pursued his case through our Supreme Court and to the United States Supreme Court is also without merit. A criminal defendant has no right to counsel past the initial appeal. *Ross v. Moffitt,* 417 U.S. 600, 612, 41 L. Ed. 2d 341, 352 (1974). Thus, a defendant cannot base an ineffective assistance of counsel claim on the failure of appellate counsel to pursue an appeal past the initial appeal. *Wainwright v. Torna,* 455 U.S. 586, 587-88, 71 L. Ed. 2d 475, 477-78 (1982) (holding that where there is no constitutional right to counsel for a discretionary appeal there can be no ineffective assistance of counsel for failing to seek discretionary review). Because Defendant's appellate counsel acted reasonably in not raising an issue under *Apprendi* and *Ring* where courts had rejected similar claims, and there is no constitutional right to counsel for a discretionary appeal, Defendant's assignment of error is rejected.

Affirmed.

Chief Judge MARTIN and Judge STEPHENS concur.