STATE OF NORTH CAROLINA
v.
TYRONE LAMONT CALDWELL, Defendant.
No. COA05-1646
Court of Appeals of North Carolina.
Filed February 6, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Kathleen U. Baldwin, for the State.
James N. Freeman, Jr. for defendant.
BRYANT, Judge.
On 13 May 1996, Tyrone Lamont Caldwell (defendant) was indicted for first-degree murder in the killing of Lance Harward Harris. Pursuant to an agreement with the State, defendant entered a plea of guilty to second-degree murder on 12 August 1996. Defendant's sentencing hearing was held on 30 September 1996, and the trial court subsequently entered a judgment sentencing defendant to a minimum of 204 months and a maximum of 254 months imprisonment. Defendant's sentence was based upon the trial court's determination that the factors in aggravation outweighed the factors in mitigation after the trial court found three aggravating factors and no mitigating factors. Defendant did not appeal from the trial court's judgment. On 22 October 2004, defendant filed his Petition for Writ of Certiorari to this Court. Defendant's Petition was allowed by Order of this Court entered 15 November 2004.
Defendant argues the trial court erred in: (I) sentencing defendant in the aggravated range where none of the aggravating factors were submitted to a jury; and (II) failing to find mitigating factors and applying them to defendant's sentence.

I
Defendant first argues the court erred in sentencing him to a term of 204 to 254 months imprisonment following findings of aggravating factors where none of the aggravating factors were submitted to a jury. At defendant's sentencing hearing, the trial court found three aggravating factors: (1) that defendant joined with more than one other person in committing the offense and was not charged with conspiracy; (2) that the offense was premeditated and deliberated; and (3) that the victim was helpless at the time the gunshot was fired. These aggravating factors were found by the trial court, and were not submitted to a jury nor stipulated to by defendant.
The United States Supreme Court has held that the statutory maximum sentence a trial court may impose rests "solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely v. Washington, 542 U.S. 296, 303, 159 L. Ed. 2d 403, 413 (2004). The North Carolina Supreme Court has applied Blakely to the North Carolina Structured Sentencing Act, holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed presumptive range must be submitted to a jury and proved beyond a reasonable doubt." State v. Allen, 359 N.C. 425, 437, 615 S.E.2d 256, 265 (2005), withdrawn, 360 N.C. 569, 635 S.E.2d 899 (2006); see also State v. Blackwell, ___ N.C. App. ___, ___ S.E.2d ___ (Dec. 15, 2006) (No.490PA04-2) (applying Blakely under a harmless error standard). However, the holdings in Allen applied only to those cases "in which the defendants have not been indicted as of the certification date of this opinion and to cases that are now pending on direct review or are not yet final." Allen, 359 N.C. at 427, 615 S.E.2d at 258 (internal citation and quotation omitted). "A 'final' case is one in which 'a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.'" State v. Zuniga, 336 N.C. 508, 511 n.1, 444 S.E.2d 443, 445 n.1 (1994) (quoting Griffith v. Kentucky, 479 U.S. 314, 321 n.6, 93 L. Ed. 2d 649, 657 n.6 (1987)).
Where certiorari is granted after the filing of an opinion of an appellate court, our Courts have treated the status of the case as final for the application of the new opinion; however, where certiorari was granted prior to the filing of an opinion of an appellate court, the case is not considered final and the new opinion is applicable. Compare State v. Upshur, ___ N.C. App. ___, 625 S.E.2d 911 (2006) (remanding for resentencing in light of Blakely and Allen where certiorari was granted prior to the filing of Blakely and Allen), appeal dismissed and disc. review denied, ___ N.C. ___, ___ S.E.2d ___ (Nov. 16, 2006) (No.124P04-2), with State v. Jones, 158 N.C. App. 498, 581 S.E.2d 103 (holding a grant of certiorari issued after the filing of an opinion of the United States Supreme Court did not change the final judgment status of the defendant's case), cert. denied,357 N.C. 465, 586 S.E.2d 462 (2003).
The State argues that this Court's opinion in State v. Simpson, ___ N.C. App. ___, 627 S.E.2d 271 disc. review denied, ___ N.C. ___, 637 S.E.2d 191 (2006), is controlling and defendant's case should be considered final. In Simpson, this Court granted the defendant's writ of certiorari to review the trial court's denial of his motion for appropriate relief. Id. at ___, 627 S.E.2d at 274. Therefore, although this Court granted certiorari in Simpson to review the retroactive application of Blakely, the defendant's case was pending before this Court on collateral and not direct review. Id.
Here, as in Simpson, defendant's case is before this Court on collateral review. Defendant was indicted for murder on 13 May 1996. Defendant entered a plea of guilty to second degree murder on 12 August 1996, and was sentenced to an active term of imprisonment in a judgment dated 30 September 1996. Defendant did not give any notice of appeal from the entry of the trial court's judgment and thus lost his right to appeal to this Court. See N.C. R. App. P. 4(a) (stating requirements for criminal defendants to preserve their right to appeal). Eight years later, having lost his right to a direct appeal, defendant filed a Petition for Writ of Certiorari to this Court on 22 October 2004. The petition was allowed by the this Court by Order dated 15 November 2004, limiting defendant's arguments to this Court to "those issues that could have been raised on direct appeal pursuant to G.S. 15A-1444(a1) and (a2)." (Emphasis added.) Defendant's petition was filed subsequent to the opinion in Blakely, but prior to the opinion in Allen. Thus, the judgment in defendant's case was final at the time the opinion in Blakely was filed and was on collateral review before this Court when Allen was certified. Defendant's argument is without merit and this assignment of error is overruled.

II
Defendant also argues that in sentencing defendant, the trial court should have found four statutory mitigating circumstances: (1) that the defendant has a support system in the community; (2) that the defendant has a positive employment history or is gainfully employed; (3) that the defendant has taken responsibility for his criminal conduct; and (4) that the defendant has entered and is currently involved in or has successfully completed a drug treatment program or an alcohol treatment program subsequent to arrest and prior to trial. We disagree.
This Court has held that
[a] trial court must consider evidence of mitigating factors and may depart from the presumptive range of sentencing in its discretion. The defendant bears the burden of proving mitigating circumstances by a preponderance of the evidence. A sentencing judge must find a statutory mitigating sentence factor if it is supported by a preponderance of the evidence. A mitigating factor is proven when the evidence is substantial, uncontradicted, and there is no reason to doubt its credibility. The trial court has wide latitude in determining the existence of mitigating factors.
State v. Kemp,153 N.C. App. 231, 241, 569 S.E.2d 717, 723 (internal citations and quotations omitted), disc. review denied, 356 N.C. 441, 573 S.E.2d 158 (2002); see also State v. Jones, 309 N.C. 214, 220, 306 S.E.2d 451, 455 (1983) (To establish a mitigating factor, defendant must show that "the evidence so clearly establishes the fact in issue that no reasonable inferences to the contrary can be drawn, and that the credibility of the evidence is manifest as a matter of law.").
Defendant presented no substantial evidence supporting the conclusion that he had a support system in the community. While his grandmother did testify that she raised him and that he had been obedient around her, her testimony cannot establish a finding that defendant had a support system in the community. "One witness' conclusory testimony as to the existence of a support structure is unsubstantial and insufficient to clearly establish the factor and does not compel a finding of the mitigating factor." State v. Wiggins, 159 N.C. App. 252, 271, 584 S.E.2d 303, 317 (2003) (citation and quotations omitted), cert. denied, 541 U.S. 910, 158 L. Ed. 2d 256, reh'g denied, 541 U.S. 1038, 158 L. Ed. 2d 726 (2004).
Similarly, defendant's sole evidence regarding his positive employment history or gainful employment also came from the testimony of his grandmother: Q. Up to the point where he was incarcerated for this offense, did he have a work record?
A. Yes. He worked at several jobs.
Q. What jobs were those, ma'am?
A. He worked at Wake Forest.
Q. What did he do there?
A. I think he worked in the kitchen. And he worked for Budd Service as a security officer.
This evidence is not so manifestly credible and not so clearly supportive of defendant's positive employment history or gainful employment. There is no indication of how long defendant was employed at the jobs mentioned, and no indication that defendant was actually employed at the time of his incarceration. Defendant has not met his burden of proof required to establish the mitigating factor that he had a positive employment history or was gainfully employed.
Likewise, defendant's only evidence that he has entered and was currently involved in or had successfully completed a drug treatment program or an alcohol treatment program subsequent to arrest and prior to trial was presented through the testimony of Timothy Webb, a mental health counselor at the Forsyth County Detention Center. At defendant's sentencing hearing, Mr. Webb stated, "I know he participated in the Step One classes, which is a drug education class." Mr. Webb's testimony that defendant "participated" in drug education classes is not sufficient to meet defendant's burden of proof required to establish the mitigating factor that defendant was currently involved in or had successfully completed a drug treatment program.
Finally, at his sentencing hearing defendant stated "I take full responsibility for my change[,]" and apologized to the victim's family for taking their son away from them. Further evidence of defendant's remorse was presented through the testimony of defendant's grandmother, his girlfriend and Mr. Webb. However, it was only at his sentencing hearing that defendant took responsibility for his criminal conduct. Up until that point, defendant maintained the position that he was under the influence of drugs and alcohol and could not remember his actions. "A defendant's apology at a sentencing hearing does not lead to the sole inference that the defendant has accepted responsibility for the defendant's criminal conduct." State v. Meynardie, 172 N.C. App. 127, 133, 616 S.E.2d 21, 25, temp. stay allowed, 360 N.C. 74, 620 S.E.2d 199 (2005). Defendant's statements at his sentencing hearing and privately to his grandmother and girlfriend do not "definitively establish that [he] took responsibility for his criminal conduct such that 'no reasonable inferences to the contrary can be drawn.'" Meynardie at 133, 616 S.E.2d at 26 (quoting Jones, 309 N.C. at 220, 306 S.E.2d at 455). These assignments of error are overruled
Affirmed.
Judges McGEE and ELMORE concur.
Report per Rule 30(e).