FILED
United States Court of Appeals
Tenth Circuit

March 23, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BREVELLE CROCKETT,

Defendant-Appellant.

No. 09-1027
(D.C. No. 1:07-CR-00172-CMA-6)
(D. Colo.)

### ORDER AND JUDGMENT*

Before **HARTZ**, **SEYMOUR**, and **GORSUCH**, Circuit Judges.

Mr. Brevelle Crockett appeals the district court's imposition of a sentence of 135 months' imprisonment, arguing that the district court applied the incorrect standard of proof in determining his sentence, thereby causing a violation of his Fifth and Sixth Amendment rights to due process and a jury trial. Because Mr. Crockett waived his Sixth Amendment right to a jury as a part of his plea agreement and because our precedent supports the use of the standard of proof

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with under the terms and conditions of 10th Cir. R. 32.1 and 10th Cir. R. 32.1.

applied by the district court under the circumstances in this case, we affirm.

Mr. Crockett pled guilty to knowingly possessing with intent to distribute more than 500 grams of a mixture and substance containing a detectable amount of cocaine (here, approximately 994.9 grams) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. The statutory maximum sentence for a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) is forty years' imprisonment. The parties stipulated that a within-guideline sentence would be reasonable. With respect to sentencing decisions that remained to be determined by the district court at sentencing, the parties also agreed that "[t]he Court [was] free . . . to reach its own findings of facts and sentencing factors considering the parties' stipulations, the pre-sentence investigation, and any other relevant information." Rec., vol. I at 298 (citation omitted).

The parties disputed the appropriate base offense level in the plea agreement. The government's position was that pursuant to U.S.S.G. § 1B1.3, the base offense level should be computed by calculating the total amount of cocaine involved in this case (5 kg) for a level of thirty-eight. Mr. Crockett argued that the base offense level should be calculated based upon the amount of cocaine to which he pled guilty, a base-offense level of twenty-six. Mr. Crockett did not contest the facts proffered by the government regarding his relevant offense conduct in the plea agreement, but reserved the right to do so at sentencing.

The presentence report's (PSR) description of the offense conduct recited

the government's evidence of relevant drug quantities. The PSR calculation resulted in an advisory guideline range of 135 to 168 months. Neither Mr. Crockett nor the government objected to the contents of the PSR.

At sentencing, the district court confirmed that neither party had filed objections to the PSR and agreed to hear argument on the sentencing issues left open in the plea agreement. At the sentencing hearing, the parties limited their arguments to the base offense level dispute. Mr. Crockett's counsel contended that the court should limit its consideration to possession with intent to distribute the 994.9 grams of cocaine. But he acknowledged, "I understand what the guidelines are" and conceded, "I don't have any specific case law or anything else, precedent wise, that your reading of the statute isn't accurate." Rec., vol. II at 13. Neither party presented any evidence.

The district court observed: "[N]either the Government nor the defendant disputes the factual contents of the presentence report, nor have they filed any objections to the presentence report," and concluded, "therefore the factual statements and guideline applications in the report are adopted without objection as the Court's findings of fact concerning sentencing.'" Rec., vol. II at 21.

Relying on the PSR, the district court found that Mr. Crockett's relevant conduct included involvement with quantities exceeding four and a half kilograms of crack cocaine. The court's calculation, after adjustments, resulted in a total offense level of thirty-three. With Mr. Crockett's criminal history category of I,

the guideline range was 135 to 168 months of imprisonment. The court sentenced him to 135 months. This appeal followed.

Mr. Crockett raises two issues on appeal: (1) "[w]hether due process requires that sentencing facts be found by a higher standard than preponderance of the evidence when the resulting enhancements substantially increase a Guidelines sentence;" and (2) "[w]hether the sentence was entered in violation of the Sixth Amendment, because it was predicated on essential facts found by a preponderance of the evidence." Aplt. Br. at 2.

Because Mr. Crockett did not raise his objections below, we review both issues for plain error. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc). "Plain error review applies even if the alleged error is of constitutional dimension." *United States v. Magallanez*, 408 F.3d 672, 683 (10th Cir. 2005) (citing *Johnson v. United States*, 520 U.S. 461, 466 (1997)). "However, the plain error test is applied less rigorously in the context of alleged constitutional error than in the context of non-constitutional error." *Id.* Plain error is "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Gonzales-Huerta,* 403 F.3d at 732.

Mr. Crockett asserts that due process may require a higher standard of proof in situations where the sentencing enhancement becomes the "tail which wags the dog of the substantive offense." Aplt. Br. at 14 (quoting *States v.*

*Townley*, 929 F.2d 365, 369 (8th Cir. 1992) (quoting *McMillan v. Pennsylvania*, 477 U.S. 79, 88 (1986))). We addressed this issue in *United States v. Olsen* and stated:

> [O]ur circuit has never adopted the clear and convincing standard in so-called disproportionate impact cases. While recognizing "strong arguments that relevant conduct causing a dramatic increase in sentence ought to be subject to a higher standard of proof," we have long held that sentencing facts in the "ordinary case" need only be proven by a preponderance. *United States v. Washington*, 11 F.3d 1510, 1516 (10th Cir. 1993); *see also United States v. Frederick*, 897 F.2d 490, 492 (10th Cir. 1990); [*United States v.*] *Crockett*, 435 F.3d [1305,] [] 1318-19 [(10th Cir. 2006)]. Nonetheless, we have reserved the question of whether, in some extraordinary or dramatic case, due process might require a higher standard of proof. *See United States v. Espinoza*, 67 F. App'x 555, 561 (10th Cir. 2003) (unpublished) (characterizing *United States v. Mendez-Zamora*, 296 F.3d 1013 (10th Cir. 2002), as "apparently leaving open the possibility that a more dramatic increase in sentence might warrant a heavier burden of proof").

519 F.3d 1096, 1105 (10th Cir. 2008); *see also United States v. Leifson*, 568 F.3d 1215, 1219 n.2 (10th Cir. 2009); *United States v. Hinson*, 585 F.3d 1328, 1341 n.6 (2009) (stating that "post-*Gall*, [] the standard remains proof by a preponderance of the evidence.").

The district court was bound by our holding in *Olsen*. Mr. Crockett did not dispute the standard of proof at sentencing below, nor did he provide the district court, or us, with any case law establishing that this is an "extraordinary or dramatic" case. We therefore conclude that the district court's decision to apply the preponderance of the evidence standard of proof (assuming that this was

-5-

actually the standard used) did not constitute a plain error.

It seems that Mr. Crockett may also be claiming a violation of his Sixth Amendment right to a jury trial based on the fact that a judge – not a jury – was the factfinder at the sentencing stage. Assuming that is his argument, we conclude that it lacks merit.

Although Mr. Crockett's failure to object to the facts in the presentence report did not constitute a waiver of the Sixth Amendment right to have to a jury determine beyond a reasonable doubt that he was guilty as charged, *see United States v. Bass*, 411 F.3d 1198, 1204 n.7 (10th Cir. 2005), he voluntarily waived his right to a jury trial when he pled guilty. *See id.* (distinguishing cases where defendants "simply failed to object to a factual allegation in a presentence report" from those where defendants "as part of their respective plea agreements, signaled their intent generally to waive their constitutional rights. . . ."); *United States v. Leach*, 417 F.3d 1099, 1103 (10th Cir. 2005) ("A defendant's right to a jury trial at sentencing, just like the right to a jury trial at the guilt-innocence phase, can be voluntarily waived."); *see* rec., vol. 1 at 303-09. Where, as here, a defendant waives, without qualification, his right to a jury trial as a part of his plea agreement, we have concluded that he "may not [later] assign as error the failure of the district court to afford [him] a jury determination of facts relevant to sentencing." *Leach*, 417 F.3d at 1104. Accordingly, no error occurred when the district court acted as the factfinder at the sentencing stage, because Mr. Crockett

-6-

voluntarily waived his right to a jury trial.

We **AFFIRM**.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge