FILED
United States Court of Appeals
Tenth Circuit

December 1, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

VIRGIL EARL NELSON,

    Defendant - Appellant.

No. 10-6090
(D.C. Nos. 5:07-CV-01230-M and
5:03-CR-00006-M-1)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner-appellant Virgil Earl Nelson, a federal prisoner proceeding pro se, seeks a certificate of appealability ("COA") so that he may challenge the district court's denial of his petition for habeas corpus which he brought pursuant to 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(c)(1)(B), DENY Mr. Nelson's request for a COA, and DISMISS his appeal.

# I. BACKGROUND

On February 9, 2004, Mr. Nelson pleaded guilty to one count of attempting to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *United States v. Nelson*, No. 04-6182, 2006 WL 2258922, at *1 (10th Cir. Aug. 8, 2006). At his May 19, 2004 sentencing hearing, the district court found several facts it used to calculate Mr. Nelson's sentence by a preponderance of the evidence. The court found a drug quantity of 447,670 kilograms of marijuana equivalent, which established a base offense level of 38, *see* United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(c)(1); applied a two-point enhancement for possession of a firearm, *see* U.S.S.G. § 2D1.1(b)(1); applied a four-point enhancement for Mr. Nelson's role in the offense, *see* U.S.S.G. § 3B1.1(a); and applied a two-point reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1. With a total offense level of 42 and a criminal history category of VI, the resultant Guidelines range was 360 months to life. Mr. Nelson's offense, however, carried a statutory maximum of 240 months' imprisonment. *See* 21 U.S.C. § 841(b)(1)(C). The district court sentenced him to 240 months.

Approximately one month after sentencing, the Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004). "In *Blakely*, the Supreme Court held that in a state prosecution the Sixth Amendment requires that the maximum permissible sentence in a particular case must be determined solely by reference to 'facts reflected in the jury verdict or admitted by the defendant.'" *United States v. Wilson*, 416 F.3d 1164, 1171 (10th Cir. 2005) (quoting *Blakely*, 542 U.S. at 303). The Court subsequently extended

*Blakely* to the federal sentencing guidelines, holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *United States v. Booker*, 543 U.S. 220, 244 (2005). In order to remedy the Sixth Amendment problem inherent in the federal guidelines, the Court in *Booker* excised the portion of the guidelines which made them mandatory. *Id.* at 245–46.

On direct appeal, Mr. Nelson argued that the enhancements to his sentence based on drug quantity, firearm possession, leadership role, and criminal history violated his Sixth Amendment rights under *Booker*. After explaining that *Booker* exempts prior convictions from its prohibition against judge-found facts under a mandatory sentencing regime, we held that the remainder of Mr. Nelson's challenges based on constitutional *Booker* error[1] failed because he had waived those rights in his guilty plea. *Nelson*, 2006 WL 2258922, at *2. Specifically, we stated that "where, as here, a defendant 'waive[s], without qualification, [his] right to a jury trial in [his] guilty plea, . . . [he] may not [on appeal] assign as error the failure of the district court to afford [him] a jury determination

---

[1]Constitutional *Booker* error occurs when a court relies upon judge-found facts, other than those of prior convictions, to enhance a defendant's sentence mandatorily. Non-constitutional *Booker* error occurs when a court "'appl[ies] the Guidelines in a mandatory fashion, as opposed to a discretionary fashion, even though the resulting sentence was calculated solely upon facts that were admitted by the defendant, found by the jury, or based upon the fact of a prior conviction.'" *United States v. Clifton*, 406 F.3d 1173, 1181 (10th Cir. 2005) (quoting *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005)).

of facts relevant to sentencing.'" *Id.* (quoting *United States v. Leach*, 417 F.3d 1099, 1104 (10th Cir. 2005)). Accordingly, we limited our analysis to the issue of non-constitutional *Booker* error and ultimately held that Mr. Nelson had failed to establish both the third and fourth prongs of plain-error review. *Id.* at \*2–\*3.

Mr. Nelson then filed a timely § 2255 petition arguing that his counsel was ineffective "for failing to raise a Sixth Amendment jury/trial right objection at sentencing to drug amounts and guideline weapon and leader/organizer enhancements." He argued that he was prejudiced by this failure because it subjected him to plain-error review, which places the burden on the appellant rather than the government, on direct appeal. The district court concluded that counsel for Mr. Nelson did not act unreasonably in failing to make a Sixth Amendment objection based upon cases which had not been decided by the Supreme Court at the time of his sentencing. The district court further denied his request for a COA. Mr. Nelson now seeks a COA from this court.

## II. DISCUSSION

In order to appeal from the denial of a § 2255 petition, a prisoner must obtain a COA. 28 U.S.C. § 2253(c)(1)(B). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When the district court denies a prisoner's petition on the merits, a prisoner satisfies this burden by "demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a

- 4 -

two-prong test for demonstrating ineffective assistance of counsel: A defendant must show both that his counsel's representation "fell below an objective standard of reasonableness," and that there is a reasonable probability that, but for the counsel's error, "the result of the proceeding would have been different." *Id.* at 688, 694.

Jurists could not debate the reasonableness of counsel's failure to object to Mr. Nelson's sentencing enhancements on Sixth Amendment grounds. As we explained in his direct appeal, a defendant like Mr. Nelson who waives his right to a jury trial as part of a guilty plea also waives his right to have sentencing facts found by a jury. *See Leach*, 417 F.3d at 1104.[2] Accordingly, even assuming counsel should have predicted the outcomes in both *Blakely* and *Booker*—which we do not suggest here[3]—counsel had no basis to make a Sixth Amendment objection at sentencing because his client had waived any Sixth Amendment claim as part of his guilty plea.

Nor has Mr. Nelson demonstrated prejudice by counsel's inaction. In his § 2255 petition, Mr. Nelson argues that the result of his direct appeal would have been different had his counsel preserved the Sixth Amendment issue at sentencing. To begin, we first note that our analysis regarding plain error in Mr. Nelson's direct appeal was directed at a

---

[2]*See also United States v. Crockett*, 370 F. App'x. 900 (10th Cir. Mar. 23, 2010); *United States v. Roberts*, 165 F. App'x. 568 (10th Cir. Jan. 27, 2006).

[3]To the contrary, we have repeatedly held in unpublished decisions that counsel did not render ineffective assistance by failing to make a Sixth Amendment objection when *Blakely* and *Booker* had yet to be decided. *See, e.g.*, *United States v. Golden*, 255 F. App'x. 319 (10th Cir. Nov. 20, 2007); *United States v. Hemsley*, 287 F. App'x. 649, 651 (10th Cir. July 11, 2008); *United States v. Lee*, 196 F. App'x. 719, 723 (10th Cir. Oct. 19, 2006); *United States v. Carew*, 140 F. App'x. 15, 18 (10th Cir. June 29, 2005).

claim of non-constitutional *Booker* error, which he does not raise in this collateral proceeding. And in any event, Mr. Nelson must demonstrate that counsel's performance affected his sentence—not his direct appeal. On this record, especially given the fact that *Blakely* had not been decided at the time of Mr. Nelson's sentencing, there is no reason to suspect that the district court would have imposed a lesser sentence had counsel presented a Sixth Amendment argument.[4]

## III. CONCLUSION

For the foregoing reasons, the district court properly dismissed Mr. Nelson's § 2255 petition. Accordingly, we DENY his application for a COA and DISMISS his appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

---

[4]In reaching these conclusions, we do not address whether the appellate waiver provision in Mr. Nelson's guilty plea bars his § 2255 petition.